## MEYERS v. NEW YORK COUNTY NAT. BANK.

(Supreme Court, Appellate Division, Second Department. January 24, 1899.)

BANKS—APPROPRIATING DEPOSITS—AUTHORITY.

　　A bank, having previous authority to apply a customer's deposit to his debt, can appropriate it to the debt, though the deposit was in part money of the depositor's ward, the bank having no knowledge of the fact.

Appeal from trial term.

Action by Charles Meyers, as committee of the estate of Edward Crawford, an incompetent person, against the New York County National Bank. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Richard M. Henry (John W. Weed, on the brief), for appellant.
John M. Bowers (L. G. Reed, on the brief), for respondent.

CULLEN, J.    John McLellan kept a deposit account with the defendant. He was appointed committee of the estate of Edward Crawford, an incompetent person. While such committee, he received moneys belonging to the estate of his ward, and deposited them in his personal bank account. During this period the defendant made two loans to McLellan of $2,500 each, payable on demand. On April 19, 1892, there was to the credit of McLellan's account in the bank the sum of $393.81, of which $381.73 were the funds of the estate of his ward. On this day the defendant called the two loans of McLellan, and, on his failure to make payment, appropriated his whole deposit account towards the satisfaction of the notes. There was nothing in the character of the funds of the estate which were deposited in McLellan's account to give the bank any notice that they were other than McLellan's personal moneys, and at the time of closing the bank account and of the appropriation of the balance the defendant had no knowledge of the rights or equities of the estate of the incompetent. Subsequently, this present plaintiff was substituted as the committee of the incompetent, and he brought this action to recover that portion of McLellan's account which represented the funds of the estate.

The learned counsel for the appellant concedes the doctrine that money has no earmarks, and that, if McLellan had paid to the bank, on account of his debt to it, the deposit balance remaining to his credit, that balance, though it consisted of the moneys of the estate, misappropriated by McLellan, could not be recovered from the bank. Justh v. Bank, 56 N. Y. 478; Stephens v. Board, 79 N. Y. 183; Hatch v. Bank, 147 N. Y. 184, 41 N. E. 403. He contends, however, that this rule does not control the disposition of the present case, because McLellan did not pay over the moneys to the defendant, but the defendant appropriated them without any affirmative action on McLellan's part. I think the difference of fact on which the learned counsel for the appellant relies creates no difference in the principle applicable to the case. It is unnecessary to consider whether moneys of a third party, misappropriated by a depositor, and placed in his personal account, could be seized, on an attachment or otherwise, by an ordinary creditor of the depositor. The question here presented is different. True, McLellan gave the defendant at the time no authority to appropriate the deposit account to the payment of the notes, but he had previously given such authority. The existence of what is called a banker's lien is well recognized in commercial circles and by the law. "The rule may be broadly stated that the bank has a general lien on all moneys and funds of a depositor in its possession for the balance of the general account" (Morse, Banks, § 324), though the lien is only for accounts that are at the time due and payable (Jordan v. Bank, 74 N. Y. 467). "Ordinarily that [the lien] attaches in favor of the bank upon the securities and moneys of the customer deposited in the usual course of business for advances which are supposed to be made upon the

credit. It attaches to such securities and funds, not only against the depositor, but against the unknown equities of all others in interest, unless modified or waived by some agreement, express or implied, or by conduct inconsistent with its assertion." National Bank v. Insurance Co., 104 U. S. 54. Such being the law and commercial usage, when a depositor opens an account in a bank that very act, in the absence of an agreement to the contrary, authorizes the appropriation of his deposit balance to any matured claims the bank may hold against him, the same as if he then executed an agreement in writing to that effect. This being so, we do not see how the present case can be distinguished in principle from that of Hatch v. Bank, supra. In the Hatch Case the bank held the deposit under a contract which authorized it to appropriate the deposit to the payment of all obligations and liabilities held by it, whether the liabilities were due or otherwise. It was held that when the bank appropriated the depositor's balance to its claims "it acted with the written consent and authority of the firm, as completely effectual and operative as if the debtors on that day had personally directed the application to be made." While the agreement in the Hatch Case gave the defendant greater rights than an ordinary banker's lien, that fact has no bearing on the doctrine, just quoted, that a previous authority to the bank to appropriate funds to the payment of a debt is the same in effect as an express direction given at the time of the appropriation. We do not mean to say that if the defendant, before action taken by it, had known of the equities of the estate now represented by the plaintiff, it could have appropriated the moneys in McLellan's account to the satisfaction of his personal debt. But we do hold that the appropriation by the bank of such balance, without knowledge of the equities of third parties, stands on the same footing as a payment to it of that balance by the check of the depositor, and cannot be recovered.

The judgment appealed from should be affirmed, with costs. All concur.