LONDON & RIVER PLATE BANK, Limited, v. HANOVER NAT. BANK et al.

(Supreme Court, Appellate Division, Second Department.   January 31, 1899.)

1. BANKS—APPROPRIATION OF DEPOSIT—RIGHTS OF THIRD PERSONS.
   Where a bank appropriated a deposit to satisfy a claim of its own against the depositor, in accordance with an agreement with him, without notice of an equitable claim of a third person to the fund, it is equivalent to a payment to it by the depositor's check, and cannot be recovered.

2. SAME—RECEIVERS—BURDEN OF PROOF.
   Where a person claims that a deposit which a bank had appropriated to satisfy a claim of its own against the depositor belongs to the receiver of the depositor, it is incumbent on him to establish affirmatively that the receiver was appointed before the bank made the appropriation.

Appeal from special term, New York county.

Action by the London & River Plate Bank, Limited, against the Hanover National Bank, impleaded with Abe Stein and others.   From a judgment in favor of defendant bank, plaintiff appeals.   Transferred from First to Second department.   Affirmed.

Argued before GOODRICH, P. J., and CULLEN, HATCH, and WOODWARD, JJ.

Edward M. Shepard (David B. Ogden, on the brief), for appellant.
Thomas S. Moore (Percy S. Dudley, on the brief), for respondent.

PER CURIAM.   We assume that the plaintiff proved title to the moneys deposited by Stein & Co. on three several occasions to their personal credit with the respondent, the Hanover National Bank, amounting to the sum of $6,242.78.   As, until the time of the failure of Stein & Co., the bank account of that firm never fell below that sum, we are of opinion that the plaintiff's moneys must be considered as always on deposit in the bank.   It is conceded that the respondent had no knowledge or notice of the claim of the plaintiff to these funds.   Stein & Co., at the time of opening their account with the respondent, executed an agreement by which the latter was authorized to hold, collect, and retain all moneys and property deposited with the bank as security for all liabilities due or not due, and then or thereafter to be contracted which the bank might have against that firm.   On November 8, 1893, the respondent discounted for Stein & Co. a draft on Boston for $15,000, due December 1, 1893.   The draft was accepted by the drawees, but not paid at maturity.   Being notified of the nonpayment by telegraph in the afternoon of December

1st, the Hanover National Bank immediately charged its amount to Stein & Co., thus appropriating the whole deposit balance of the firm. The learned counsel for the appellant, while conceding the rule that money has no earmarks, and that a payment of money received in good faith for no other consideration than an antecedent debt cannot be recovered by a party from whom it has been feloniously or fraudulently obtained, contends that the appropriation by the bank of a depositor's balance is not the same or equivalent to a payment by the depositor. This court, however, stands committed on this question. We have recently decided (Meyers v. Bank, 55 N. Y. Supp. 504) "that the appropriation by the bank of such balance, without knowledge of the equities of third parties, stands on the same footing as a payment to it of that balance by the check of the depositor, and cannot be recovered." While appreciating the force of the appellant's argument on this question, our conclusion remains unchanged, and we do not deem it profitable to again discuss the question.

This disposes of the plaintiff's whole claim, except in one respect. On December 1st, the same day upon which the bank seized the deposit balance, a receiver was appointed of the firm of Stein & Co. The plaintiff claims that, by the appointment of the receiver, the title to the deposit passed to the receiver, and that, after the time of the appointment, the bank could not seize the balance. This might be so if it appeared that the receiver was appointed before the bank closed the account. But, if this were the fact, we think it was incumbent upon the plaintiff to establish it affirmatively. This it has failed to do.

The judgment appealed from should be affirmed, with costs.