WILLARD D. RICE, By next friend, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 10, 1910.

1. CARRIERS OF PASSENGERS: Railroads: Injury to Passenger: Presumption of Negligence. The mere fact of injury to a passenger while on his journey, without any evidence connecting the carrier with its cause, does not raise a presumption of negligence; but where the passenger establishes the relation of passenger and carrier and indicates that his injury during transit resulted from a breach of duty which the carrier owed pertaining to his safety, a presumption of negligence on the part of the carrier arises, and thereupon it devolves upon the carrier to explain such presumption away.

2. ———: Care Required. A carrier is not an insurer of the safety of its passengers, but it must exercise the highest degree of care of a very prudent person.

3. ———: ———: Injury to Passenger: Presumption of Negligence: Res Ipsa Loquitur. A passenger who shows that the train collided with the top of a tree which had blown across the track and that he was injured in consequence thereof, shows facts from which a presumption of negligence of the carrier arises, and it then devolves upon the latter to acquit itself by showing there had been no breach of duty on its part.

4. NEGLIGENCE: Res Ipsa Loquitur. Where the thing which occasions the injury complained of is conclusively shown not to have been under the management or within the control of defendant, the doctrine of *res ipsa loquitur* does not obtain; but where the thing is shown to have been under the management of defendant, or his servants, and the accident is such as under the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from want of care.

5. CARRRIERS OF PASSENGERS: Care Required: Assault of Passenger by Third Person. A carrier is under no obligation to protect a passenger from the criminal assault of persons in the street in .no way connected with the carrier and which assault there was no reason to anticipate.

6. ————: Railroads: Injury to Passenger: Obstruction on Track: Presumption of Negligence: Res Ipsa Loquitur. The presumption of negligence of a carrier arising from proof of injury to a passenger in consequence of a train colliding with an obstruction on the track is not overcome in every case by the carrier showing conclusively that the obstruction was one not under its control, since there are instances where the carrier might have been otherwise negligent in the premises and such negligence operated proximately to occasion the obstruction, and besides the high duty obtains against a carrier to maintain a clear track.

7. ————: ————: ————: ————: ————: ————. The presumption of negligence of a carrier arising from proof of injury to a passenger due to a collision of the train with an obstruction on the track continues to inhere with sufficient probative force to support a verdict until the carrier has overcome it by not only showing that it had no notice of the particular obstruction but by showing as well that it was in no respect remiss in its duty in preventing the obstruction from finding its way upon the track in the first instance, and also until the carrier shows it could not have avoided the collision by employing the appliances at hand, after it saw or might have seen the obstruction.

8. ————: ————: ————: ————: Duty of Carrier. A carrier of passengers must look out for and remove such objects along and adjacent to its roadway as may threaten the safety of its passengers, and where threatening objects, such as decayed trees, stand immediately adjacent to the right of way and are sufficiently menacing to evince probable danger, it must exercise high care as to them, and must remove them when it can do so without becoming a trespasser.

9. **RAILROADS: Removal of Trees Adjacent to Right of Way: Statute.** Section 3049, Revised Statutes 1909, conferring authority on railroad companies to go in and upon the lands of adjacent proprietors and remove threatening trees, making compensation therefor, is parcel of the charter of railroad companies and lays a duty upon them accordingly.

10. **CARRIERS OF PASSENGERS: Railroads: Injury to Passenger: Dangerous Tree Adjacent to Right of Way: Concurring Negligence.** In an action for injuries to a passenger in consequence of a train colliding with a tree which had fallen on the track, evidence that the tree had been standing for many years on premises adjacent to defendant's right of way in a decayed and threatening condition tended to prove a breach of duty on defendant's part in failing to remove such tree, and although a fire burning in the body of the tree contributed to its falling, still defendant's negligence in permitting it to remain standing was proximate, in that such negligence concurred with the act of another in starting the fire to cause the injury, and defendant's liability may be sustained on that score.

11. ————: ————: ————: **Obstruction on Track: Res Ipsa Loquitur: Pleading: Sufficiency of Petition.** In an action for injuries to a passenger in consequence of a train colliding with a tree on the track, the petition, which alleged generally that defendant permitted a large tree to be and remain upon its track and negligently ran its locomotive and train of cars into the same, to plaintiff's injury, was sufficient, since, under those facts, a presumption of defendant's negligence obtained, and the burden was cast upon defendant to exculpate itself from all manner of negligence which operated to induce the injury.

12. ————: ————: ————: ————: ————: ————: **Specific Acts Included Under General Allegation of Negligence.** In such a case, the cause of action relied upon under the general allegation of negligence includes any and all derelictions on the part of defendant which operated proximately to breach defendant's duty in respect of its obligation to exercise high care for plaintiff's safety, so that it was not error to instruct the jury that, although the collision occurred as a result of the tree adjacent to the right of way falling across the track immediately before the approach of the train, the finding should nevertheless be for plaintiff, if the jury found the tree was greatly decayed and in danger of falling upon the track and had so been for a long time and that there was a fire burning therein, of which facts defendant had knowledge or might have had by the exercise of due care on its part, and, because of such decayed condition, fire and weight of the tree, it fell upon the track, although the petition did not contain an express allegation as to the decayed and dangerous tree standing beside

the right of way, nor as to the smoldering fire therein, nor that defendant had omitted its duty in respect of removing the tree before it fell.

13. **ACTION: Cause of Action.** The term "cause of action" signifies plaintiff's primary right and defendant's wrongful violation thereof.

14. **CARRIERS OF PASSENGERS: Railroads: Injury to Passenger: Obstruction on Track: Res Ipsa Loquitur: Pleading: Evidence.** In an action for injuries to a passenger in consequence of a train colliding with a tree on the track, where the carrier, after the passenger's prima facie case was made by invoking the presumption of negligence, sought to show that the tree recently fell on the track and that it came there without any negligence on its part, it was competent for the passenger in rebuttal to show the carrier's negligence in permitting the tree to stand beside the right of way, because the tree was a menace on account of its decayed and burned condition, though the petition merely alleged generally the negligence of the carrier in permitting the tree to remain on the track and in negligently running the train into it.

Appeal from Scotland Circuit Court.—*Hon. Charles D. Stewart,* Judge.

AFFIRMED.

*M'Kee & Jayne, H. H. Trimble* and *Palmer Trimble* for appellant.

(1) The demurrer to the evidence at the close of all the evidence should have been sustained. Negligence cannot be presumed from the fact of an accident and resulting injury. Yarnall v. Railroad, 113 Mo. 570; Schafer v. Railroad, 128 Mo. 64; Railroad v. MacKinney, 135 Pa. St. 462. (2) Where there is proof of a failure in any of the machinery or appliances used by defendant in transporting the complaining party, and that such failure caused the injury complained of, then negligence may be inferred, but where the injury is caused by an outside or extrinsic cause, a different rule applies. Plaintiff must show by a preponderance of evidence that defendant was negligent as

respects this outside force. 4 Elliott on Railroads (2 Ed.), sec. 1644, notes 228, 229, 230, 231; sec. 1701, notes 152, 153, 173; Woas v. St. Louis Transit Co., 198 Mo. 664; Curtis v. Railroad, 18 N. Y. 534; Railroad v. MacKinney, 124 Pa. St. 462. (3) Only ordinary care required to guard against extrinsic causes, forces or obstacles. Woas v. St. Louis Transit Co., 198 Mo. 564; Flemings v. Mendenhall, Receiver, 88 Minn. 336; Tall v. Steamer Packet Co., 90 Md. 248; Railroad v. Pillsbury, 123 Ill. 9. (4) The cause of the injury complained of in this case was the limb of a tree that had fallen across the track. It was not an obstacle placed thereby the railroad company. Proof of such a cause does not raise a presumption of negligence. Schafer v. Railroad, 128 Mo. 71; Railroad v. MacKinney, 135 Pa. St. 402; Woas v. St. Louis Transit Co., 198 Mo. 676; Saunders v. Railroad, 60 N. W. 148; Curtis v. Railroad, 18 N. Y. 534; Lincoln Traction Co. v. Webb, 37 Am. and Eng. (N. S.) 369; Harrison v. Railroad, 23 Am. and Eng. (N. S.) 809; McCune v. Railroad, 55 Pac. Rep. 354; Fleming v. Railroad, 27 Atl. 858; Trotter v. Railroad, 122 Mo. App. 405; Clark v. Railroad, 127 Mo. 197; Dougherty v. Railroad, 9 Mo. App. 478. Citing Scott v. Dock Co., p. 485. 6 Thompson, Law of Negligence, sec. 7635. (5) The trial court cannot enlarge the issues in the case by instructions. The issues can only be settled by pleadings, either original or amendatory. Link v. Vaughan, 17 Mo. App. 585; Ernswerth v. Barton, 60 Mo. 511; Bank v. Armstrong, 60 Mo. 70; Glass v. Gelwinn, 80 Mo. 297; Waldhier v. Railroad, 71 Mo. 514; Feurth v. Anderson, 87 Mo. 354; Feary v. Railroad, 162 Mo. 96; Hemphill v. Kansas City, 100 Mo. App. 566; Thompson v. Bucholz, 107 Mo. App. 123; Bank v. Westlake, 31 Mo. App. 565. (6) Appellant was not guilty of negligence in permitting the tree in question to remain on its track, unless it knew or by the exercise of due diligence could have known that it was upon the track and failed after knowing or after

being chargeable with knowledge to take proper measures to protect the train in question. 4 Elliott (2 Ed.), sec. 1644, note 228, 229, 230; Woas v. Railroad, 198 Mo. 664; Fleming v. Mendenhall, 88 Minn. 336; Frederick v. Railroad, 157 Pa. St. 103; Trotter v. Railroad, 122 Mo. App. 405; Railroad v. Kuhn, 6 S. W. 441, 86 Ky. 578; Connell v. Railroad, 93 Va. 44; Railroad v. Burke, 53 Miss. 200; Bretten v. Railroad, 18 N. Y. 534; Thomas v. Railroad, 23 Atl. 989; Stimpson v. Railroad, 75 Wis. 381.

*T. L. & L. J. Montgomery* and *N. M. Pettingill* for respondent.

(1) It was the duty of defendant to remove the tree standing within fifty feet of the south rail of its track, as there was danger of its falling on the road, whether said tree was on or off the right of way. Whether it was sound or rotten. R. S. 1899, sec. 1035, par. 3; Railroad v. Vallie, 60 Tex. 481. (2) Plaintiff made out of a case authorizing the court to submit the allegations of negligence by showing the collision of the train with the tree and the breaking of the car windows in which plaintiff was riding causing the injury to plaintiff. Ferguson v. Railroad, 123 Mo. App. 590; Clark v. Railroad, 127 Mo. 197; Sweeney v. Railroad, 150 Mo. 384; Furnish v. Railroad, 102 Mo. 438; Padgett v. Railroad, 159 Mo. 143; Thomas on Negligence (1 Ed.), p. 230; Railroad v. Vallie, 60 Texas 481; 5 Am. and Eng. Ency. Law (2 Ed.), p. 522; Johnson v. Railroad, 104 Mo. App. 588; Allen v. St. Louis Transit Co., 183 Mo. 311; 2 Greenleaf on Evidence (15 Ed.), 214 note; 2 Encyclopedia of Ev., p., 909, 915; Sullivan v. Railroad, 72 Am. Dec. 698; 6 Cyc. Law and Proc., p. 619, par. 5 and 6. (3) If the fire in the tree, even though not communicated by defendant's engine, concurred in causing the collision, defendant is liable. Newcomb v. Railroad, 169 Mo. 409; 1 Thompson on Negligence (1 Ed.),

sec. 75, vol. 3, sec. 2779; Bishop on Non-Contract Law, secs. 39 and 518; Brash v. St. Louis, 161 Mo. 437; Sherman and Redfield on Negligence (5 Ed.), sec. 122.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant, a carrier of passengers. Plaintiff recovered and defendant prosecutes the appeal.

The matter for consideration presents, first, the question as to whether or not the doctrine of *res ipsa loquitur* obtains on the facts of the case, and, second, as to whether the judgment for plaintiff may be sustained though it was given on a detail of negligence not pointedly alleged in the petition, although within the general scope of the cause of action alleged, which relates to defendant's breach of duty to exercise high care for plaintiff's safety.

Defendant is a public or common carrier of passengers. It appears plaintiff was a passenger on its train en route from Downing to Memphis, Missouri, and during the transit the train collided with the top or several limbs of a large tree which had fallen across the track. Upon colliding with the branches of the tree top, the locomotive and cars passed through the same, but, while passing, one limb scraped along the side of the car and shattered the glass in the window adjacent to which plaintiff was sitting, which resulted in destroying his eye. The petition contains a general allegation of negligence to the effect that defendant breached its duty to exercise high care for plaintiff's safety by allowing its track to be obstructed in permitting a large tree to be and remain on and across said track so that the train and car upon which plaintiff was riding ran into and collided therewith. At the trial, plaintiff introduced evidence tending to prove that he was a passenger on defendant's train en route from Downing to Memphis, about 7:30 o'clock in the even-

ing when the train ran into or collided with an obstruc-
tion on the track; and that such obstruction was the
top branches of a large tree. It was shown that upon
running into the tree top the engine passed through
the same and a limb of about two or three inches in
diameter scraped along the side of the passenger coach,
in which plaintiff was being conveyed, with such force
as to break and dissever the glass in the window adja-
cent, a portion of which glass flew into and destroyed
his eye. The proof on the part of plaintiff in no man-
ner suggested how the tree top came upon the track nor
did it suggest how long it had been there nor from
whence it came. Indeed, plaintiff rested his case prima
facie on the presumption of negligence which usually
attends the facts of showing a collision on a railroad
with an obstruction on the track, when the relation
of passenger and carrier exists. At the conclusion of
this proof, defendant requested the court to direct a
verdict for it on the theory that a presumption of neg-
ligence did not arise on the facts appearing and it de-
volved upon plaintiff to make a showing to the effect
defendant had either placed the tree top on its road or
had known, or, by the exercise of due care, might have
known, its presence to the end of showing a breach of
its obligation as to removing the same. The court de-
clined to instruct a verdict for defendant and tried the
case as though the presumption of negligence obtained.

It is argued here on the part of defendant that the
doctrine of *res ipsa loquitur* as between carrier and
passenger obtains only in those cases where it appears
the injury resulted from some defect in the carriage or
appliances for transportation or in the construction of
the road, such as a defect in the track or a bridge or
a collision with another train on the same track, for
it is said these things in and of themselves suggest a
dereliction of duty somewhere on the part of the car-
rier as to the means and appliances afforded by it
for the transportation or as to its servants in operat-

ing the same. There can be no doubt that the mere
fact of injury suffered by a passenger while on his jour-
ney, without any evidence connecting the carrier with
its cause, is not sufficient to raise the presumption of
negligence on the part of the carrier. But if the proof
as made suggests the injury to have resulted from a
breach of care on the part of the carrier, then the pre-
sumption goes to that effect. [Shearman & Redfield
on Negligence (5 Ed.), secs. 516, 559, 560.] There are
instances of injuries to passengers where the proof of
the injury itself discloses no lack of duty performed
on the part of the carrier. In such circumstances, in-
stead of the facts suggesting and invoking a presump-
tion to the effect that the carrier is negligent, the pre-
sumption is actually repelled, and for that reason, does
not obtain. [Woas v. St. Louis Transit Co., 198 Mo.
664, 96 S. W. 1017; Railroad v. Mitchell, 11 Heisk.
(Tenn.) 400, 405; 5 Am. and Eng. Ency. Law (2 Ed.),
622, 623, 624; Benedick v. Potts, 88 Md. 52; 3 Hutchin-
son on Carriers (3 Ed.), sec. 1412.] So it is in every
case the facts attending the accident must point a neg-
ligent breach of some duty, which the carrier owes to
the passenger, before the presumption of negligence
may arise. It is, therefore, entirely clear that when
plaintiff, by his proof, establishes the relation of pas-
senger and carrier and indicates that his injury, re-
ceived during the transit, resulted from a breach of
some duty which the carrier owed pertaining to his
safety, the presumption of negligence arises against
the carrier, and it thereupon devolves upon him to ex-
plain it away. [3 Hutchinson on Carriers (3 Ed.), secs.
1412, 1413, 1414; Dougherty v. Mo. Pac. R. Co., 9 Mo.
App. 478; Trotter v. St. Louis & S. R. Co., 122 Mo. App.
405, 99 S. W. 508; Clark v. C. & A. R. Co., 127 Mo. 197,
29 S. W. 1013; Benedick v. Potts, 88 Md. 52; Curtis v.
Rochester, etc., R. Co., 18 N. Y. 534; 2 Greenleaf on
Evidence (Lewis Ed.), sec. 222; Shearman & Redfield
(5 Ed.), secs. 516, 559, 560.]

It is true defendant, a public carrier, is not an insurer of the safety of its passengers. Nevertheless its obligation was to exercise for plaintiff's safety the highest degree of care of a very prudent person in view of all the facts and circumstances at the time of his injury. [Clark v. C. & A. R. Co., 127 Mo. 197, 29 S. W. 1013.] Among other things, this obligation enjoined upon defendant the duty of exercising high care to the end that its railroad and tracks should be sound and secure and free from obstructions whether temporary or permanent. This feature of the obligation is imposed for the purpose of preventing collisions with any manner of obstructions which may operate to entail injury on the passenger. [2 Hutchinson on Carriers (3 Ed.), secs. 925, 947; 6 Cyc. 620; Clark v. C. & A. R. Co., 127 Mo. 197, 29 S. W. 1013; 4 Elliott on Railroads (2 Ed.), secs. 1635, 1636.] It, therefore, appears that by showing the relation of carrier and passenger and the collision with the tree top on the track, plaintiff disclosed circumstances indicating that defendant had breached its obligation to exercise high care to the end of maintaining its track free of obstructions, for in the ordinary course of things, if due care is exercised, such obstructions are not allowed upon a railroad track. This being true, the presumption of negligence arose and it devolved upon defendant to acquit itself by showing there had been no breach of duty on its part.

To the end of acquitting itself of negligence, defendant introduced abundant proof showing the tree in question had fallen across its track only thirty minutes before the collision in which plaintiff was injured. This is accepted as an established fact in the case. From this proof, it appears the tree in question was a very large one and stood immediately adjacent to defendant's right of way. The proof is conclusive to the effect the tree stood immediately outside defendant's right of way fence but within fifty feet of the center of its track. The railroad right of way is one hundred feet

in width and all of the body of the tree was south of
the right of way line except less than one inch thereof.
To be precise, by exact measurements, it appeared the
north side of the tree was forty-nine feet and eleven
and thirty-eight one hundredths inches south of the cen-
ter of the railroad track. The tree appears to have
been a very large one, about four feet in diameter and
was green, that is to say, it was not a dead tree. But
it was decayed in the center to such an extent that it
consisted of a mere shell between two and three inches
in thickness. On its southeast side, there was an aper-
ture in the shell of the tree about two and one-half feet
high and thirteen inches wide. One witness said a man
could pass through this hole. There was another small
hole on its northwest side. One witness, at least, re-
ferred to it as a double tree, the major portion of which
leaned to the southward, or away from the railroad,
and the smaller portion to the north, toward the track.
All of the other witnesses spoke of it as a forked tree,
and it is described as being a large tree with the fork
about eleven or twelve feet above the ground. The larg-
er portion of the tree above this fork leaned to the south-
ward, away from the railroad, the small portion above
the fork, which was probably eighteen inches in diame-
ter, leaned to the northward and toward the track, but
it all rested upon the insecure foundation consisting
of a hollow trunk. Besides these facts, defendant
showed as well that some one had communicated fire
to the tree in the hollow portion thereof at the butt
adjacent to the ground and that the falling of the tree
resulted from this fire which so weakened its body as
to render it insufficient to sustain itself. After defend-
ant had shown so much, plaintiff introduced numerous
witnesses who gave testimony in rebuttal, over the ob-
jection and exception of defendant, to the effect that
the tree had been a menace to the railroad for a consid-
erable period of time. In other words, several wit-
nesses testified in rebuttal for plaintiff that the tree

had been a hollow shell since 1871, at the time the railroad was constructed; that although it was green in the sense it was not a dead tree, it had been the home of rabbits which inhabited its interior for many years; that though the main body of the tree leaned southward, away from the railroad, a very large fork branched off eleven feet about the earth and leaned toward the railroad track; that this portion of the tree was about sixty-five feet in height, or sufficiently long to reach beyond the railroad in case it should fall. The tree was what is known as a bur oak and consisted of a very thin shell, which, including the bark, was only about two and one-half inches in thickness; that there were two considerable apertures in this hollow shell, one thirteen or fourteen inches wide and two and one-half feet high, adjacent to the ground on the southeast side and another not so large, a little above the ground on the northwest side of its body. This evidence was introduced in rebuttal on the theory that although the tree had fallen upon the track as a result of the fire therein, defendant had breached its obligation to exercise care for its passengers by permitting such a threatened danger to exist without having taken steps theretofore to remove it, and especially so, after having notice of the fire therein. In this connection, it was shown, too, by plaintiff in rebuttal the fire had smouldered in the hollow tree and emitted smoke for as much as six hours before it fell and that several of defendant's servants had passed it during the afternoon.

At the conclusion of all the evidence, defendant again requested the court to direct a verdict for it, on the theory that by showing the tree had fallen upon its track within thirty minutes before the collision and that it had no notice whatever of the obstruction, it had sustained the burden of wholly exculpating itself from negligence. This theory is advanced here in an argument to the effect that though it was defendant's duty to keep the track free from obstructions, the tree

which fell upon it was an extrinsic force over which defendant had no control. It is said the tree was an intruder and that by showing conclusively it fell upon the track immediately before the train came along this operated to repel the presumption of negligence which arose from the collision and acquitted defendant of the whole measure of its duty in the premises.

Just when the doctrine of *res ipsa loquitur* obtains and when it is repelled or overcome in view of all of the facts in judgment is not always clear, but in an early case the rule was formulated and it has been oft-times repeated as follows:

"Where the thing is shown to be under the management of the defendant or his servants, and the accident is such as, under an ordinary course of things, does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants, that the accident arose from want of care."

[Scott v. Dock Co., 10 Jur. (N. S.) 1108; Dougherty v. Mo. Pac. R. Co., 9 Mo. App. 478; Mitchell v. C. & A. R. Co., 132 Mo. App. 143, 112 S. W. 291; Trotter v. St. Louis & S. R. Co., 122 Mo. App. 405, 99 S. W. 508.] There can be no doubt that where the thing which occasions the injury is conclusively shown to have been one not under the management or within the control of the defendant the doctrine of *res ipsa loquitur* does not obtain. Indeed, the theory of the law in respect to this doctrine proceeds from the fact that the management or control of that which occasioned the injury is exclusively within the power of the defendant as between him and the plaintiff and that it works no injustice by requiring him to explain. In keeping with the principle referred to, it has been pointedly decided in this state that the presumption of negligence was conclusively repelled and overcome by a showing of fact to the effect the passenger received his injury from a stone hurled into the car by a sheer outsider, under circum-

stances which failed to suggest such an assault to the carrier. This is certainly sound, for though the passenger was entitled to high care from the carrier for his protection, there is no obligation to protect him from the criminal assault of persons in the street in no way connected with the carrier and which assault there was no reason to anticipate. [Woas v. St. Louis Transit Co., 198 Mo. 664, 96 S. W. 1017.] So, it has been decided that the presumption of negligence was repelled by a showing of fact to the effect the passenger came to her injury from a large boulder rolling down a mountain side, far removed from defendant's right of way, and falling upon the car. [Fleming v. Pittsburg, etc., R. Co., 158 Pa. St. 130; 3 Hutchinson on Carriers (3 Ed.), sec. 1414; 4 Elliott on Railroads (2 Ed.), sec. 1644.] However, these cases present situations which exclude every hypothesis of negligent conduct on the part of the carrier.

It cannot be the presumption of negligence is entirely overcome in every case by the carrier showing conclusively that the obstruction on the track was one not under its control, for there are such instances where the carrier is otherwise negligent and its negligence has operated proximately to occasion the obstruction on the track. Besides the high duty obtains against the carrier to maintain a clear track. In the case of Clark v. C. & A. R. Co., 127 Mo. 197, 29 S. W. 1013, the plaintiff was a passenger on the defendant's train and the defendant stopped the train at a point where another railroad crossed its tracks. A train on another and distinct road and over which the defendant had no control whatever ran into the car on which plaintiff was riding and injured him. It was argued for defendant that the collision was caused by a force beyond its control, to-wit, the tortious act of the Wabash railroad and that in such a case the doctrine of *res ipsa loquitur* did not obtain. The Supreme Court treated this argument as though it were entirely immaterial in the circum-

stances of the case, for it appeared the defendant had not acquitted itself of negligence in other respects. The court said it appearing defendant was negligent itself in stopping its train across the Wabash track, the presumption was not overcome because of the fact the Wabash train was not under its control. See, also, a forceful illustration, O'Gara v. St. Louis Transit Co., 204 Mo. 724, 103 S. W. 54. So it has been held that where it appears the collision and derailment from which an injury is suffered was brought about by colliding with a cow or other animal, which was permitted to enter on the track, because of the dereliction of the carrier in respect of its duty to protect the road by fences from such intrusions, the presumption of negligence is not overcome, even though the animals are intruders. [Louisville, etc., R. Co. v. Hendricks, 128 Ind. 462; Louisville, etc., R. Co. v. Ritter's Admr., 85 Ky. 368, 3 S. W. 591; Sullivan v. Philadelphia, etc., 30 Pa. St. 234; Mexican Central Ry. Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277.]

The theory of the law as portrayed throughout those cases is to the effect that the presumption of negligence obtains until the defendant has overcome and repelled the same by showing that it has discharged every obligation which the law has laid upon it to the end of insuring the safety of the passenger in the circumstances of the case. [See O'Gara v. St. Louis Transit Co., 204 Mo. 724, 103 S. W. 54.] And this is highly just, for the spirit of the doctrine is that except for the carrier's negligence somewhere or some place, which contributed proximately to the injury, the accident would not have happened. In this view the Supreme Court of the United States in Gleeson v. Virginia, etc., R. Co., 140 U. S. 435, declared that the presumption of negligence should be applied to, and it was not overcome by, the case made when it appeared the plaintiff's injury was occasioned by the carrier's train colliding with an obstruction on

153 App—4

the track which resulted from a landslide from one of its cuts on the roadway. In that case, it was reasoned that although the landslide was an intruder upon the track and one over which defendant then had no immediate control and of which it had no notice, it nevertheless might have been obviated by the exercise of high care on the part of defendant in inspecting the railroad cut before the landslide occured. So, in Texas, the defendant's servant permitted a crippled bull to remain on the right of way after knowing its condition. It afterwards dragged itself upon the track and caused a derailment of the train. The court declares primary negligence against the defendant and said the facts did not repel the presumption. [Mexican Central Ry. Co. v. Lauricella, 87 Tex. 277, 28 S. W. 277.] The rule may, therefore, be said to be that the presumption of negligence which arises from the fact of a collision with an obstruction on the track, as in the circumstances of this case, continues to inhere with sufficient probative force to support a verdict until defendant has overcome it by not only showing that it had no notice of the particular obstruction but by showing as well that it was in no respect remiss in its duty in preventing the obstruction from finding its way on the track in the first instance. It obtains, too, until defendant shows it could not avoid the collision after it saw, or might have seen, the obstruction, by employing the appliances at hand. [O'-Gara v. St. Louis Transit Co., 204 Mo. 724, 103 S. W. 54.]

But it is argued that no duty whatever rested upon defendant with respect to the tree in question. There can be no doubt of the proposition that the law enjoins the obligation of high care on a public carrier of passengers to look out for and remove such objects along and adjacent to its roadway as may threaten the safety of the passengers it undertakes to carry. Such we believe to be the doctrine which obtains throughout those jurisdictions where the common law prevails.

[Seymour v. Citizens' Ry. Co., 114 Mo. 266, 21 S. W. 739; 6 Cyc. 620; Francis v. New York Steam Co., 114 N. Y. 380, 21 N. E. 988, 23 N. Y. St. 543; North Chicago, etc., R. Co. v. Williams, 140 Ill. 275, 29 N. E. 672; Baltimore, etc., v. Leonhard, 66 Md. 70, 59 Am. Rep. 156, 5 Atl. 346; 2 Hutchinson on Carriers (3 Ed.), secs. 925, 947; Gleeson v. Virginia, etc., R. Co., 140 U. S. 435.

It is true these authorities relate more particularly to the obligation which obtains against the carrier as to threatening objects on its right of way but the indentical rule obtains as well with respect to like objects standing so near the railroad right of way as to threaten injury to passengers unless they are entirely beyond the control of the carrier. In other words, if threatening objects, such as rotten and decayed trees, stand immediately adjacent to the railroad right of way and are sufficiently menacing to evince probable danger, the carrier must exercise high care as to them as well. In such circumstances, the carrier must remove menacing trees in accord with the precepts of humanity if he can do so without becoming a trespasser. In the spirit suggested, our statute (sec. 3049, R. S. 1909; sec. 1035, R. S. 1899; sec. 1035, An. St. 1906) has conferred authority on railroad companies to go in upon the lands of adjacent proprietors and remove such threatening trees by making compensation therefor. The statute referred to authorizes such corporation as defendant to enter upon the lands of any person and cut down any standing trees that may be in danger of falling on the road, making compensation therefor as provided in the chapter for lands taken for the use of the company. The statute is parcel of defendant's charter, and it lays a duty upon it accordingly. A like statute prevails in Texas and in a case where a tree upon the land of another had fallen across the railroad in that state, the Supreme Court declared it the duty of defendant to have looked out for and removed the tree

and that for its failure to do so, it should respond in damages for the breach. [T. & S. L. Ry. v. Vallie, 60 Tex. 481.]

There can be no doubt that besides the presumption of negligence above discussed, the evidence introduced by plaintiff in rebuttal tended to prove a breach of duty on the part of defendant with respect to permitting the tree to stand in its decayed and threatening condition for so many years, for it was obvious to one and all alike. Furthermore, the fire had smouldered in the tree for several hours and of this defendant's servants had ample notice. Besides, if the fire contributed, as it did, to the falling of the tree, defendant's negligence in permitting the threatening tree to remain standing adjacent to the road for so many years was proximate in that it concurred with the act of another in starting the fire to plaintiff's injury, and its liability may be sustained on that score. [Kinkead on Torts, sec. 57; O'Gara v. St. Louis Transit Co., 204 Mo. 724, 103 S. W. 54; Newcomb v. New York Central R. Co., 169 Mo. 409, 69 S. W. 348.]

As before stated, the court received evidence over defendant's exception tending to prove the tree which fell upon the track was a continual menace to the safety of those passing on the railroad, but this proof was received in rebuttal to that of defendant tending to show the obstruction was the result of a tree falling from land immediately adjacent to its right of way. By an instruction for plaintiff the court informed the jury, substantially, that though the collision occurred as a result of the tree adjacent to the right of way falling across the track immediately before the approach of the train, the finding should nevertheless be for plaintiff if it found the tree was greatly decayed and in danger of falling upon the track and had so been for a long time theretofore and that there was a fire burning therein, of which facts defendant had knowledge or might have had by the exercise or due care on its

part, and because of such decayed condition, fire and the weight of the tree it fell upon the track, etc. It is argued this instruction submitted a cause of action to the jury not pleaded in the petition, and the judgment should be reversed therefor. It is true the petition contains no pointed and express allegation as to the decayed and dangerous tree standing beside the right of way nor as to the smouldering fire therein, and there is no express averment that defendant had omitted its duty in respect of removing the tree before it fell. But the allegation of the cause of action, we believe, is sufficient in the circumstances of the case, for it is general to the effect defendant permitted a large tree to be and remain upon its railroad track and negligently ran its locomotive and train of cars into and collided with the same, to plaintiff's injury. The case is one where the presumption of negligence obtains and plaintiff was required to plead no more than the facts that he was a passenger on defendant's train and injured through a collision with an obstruction on its track. Upon pleading and proving so much, the burden was cast upon defendant to exculpate itself from all manner of negligence which operated to induce the injury. Until defendant had so relieved itself from fault, an element of liability obtained against it. [O'Gara v. St. Louis Transit Co., 204 Mo. 724, 103 S. W. 54.] Indeed, the cause of action relied upon under the general allegation referred to includes any and all derelictions on the part of defendant which operated proximately to breach defendant's duty in respect of its obligation to exercise high care for plaintiff's safety and this is the point of the whole matter. The accepted meaning of the term "cause of action" is that it signifies the plaintiff's primary right and the defendant's wrongful violation of that right. [Pomeroy's Code Procedure (4 Ed.), p. 459, sec. 346 et seq.; Litton v. C. B. & Q. R. R. Co., 111 Mo. App. 140, 149, 85 S. W. 978; Mellor v. Mo. Pac. R. Co., 105 Mo. 455, 470, 16 S. W. 849; Von Treba v. Gas

Light Co., 209 Mo. 648, 661, 108 S. W. 559; Hensler v. Stix, 113 Mo. App. 162, 88 S. W. 108.] We entertain no doubt whatever that in a case such as this, where the presumption of negligence obtains, the general allegation sufficiently comprehends the detail of the standing and decayed tree which operated to occasion the violation of plaintiff's primary right to a safe carriage, for its proof devolved the duty on defendant to exculpate itself from every manner of negligence which operated proximately to plaintiff's hurt. [Coudy v. St. L., I. M. & S. Ry. Co., 85 Mo. 79; Malloy v. St. L. & S. R. Co., 173 Mo. 75, 80, 81, 82, 73 S. W. 159; 15 Ency. Pl. and Pr. 1131, 1132; O'Gara v. St. Louis Transit Co., 204 Mo. 724, 103 S. W. 54.]     After plaintiff's prima facie case was made by invoking the presumption of negligence, it devolved upon defendant, of course, to relieve itself from the charge and in so doing it was required to show not only that the tree recently fell upon the track but that it came there without any negligence on its part in other respects as well.    To this end defendant first introduced the matter of the standing tree in the case and invited an issue thereabout, for it undertook to show its body leaned away from the railroad as though no danger were to be anticipated from its decayed condition.    Having shown so much, no one can doubt the propriety of plaintiff showing the contrary by his proof in rebuttal; for in so doing, he directed attention to a detail about which defendant was negligent, even though the tree had theretofore been standing beside the right of way.    Plaintiff's evidence in rebuttal which tended to prove the tree was decayed and a large portion of it leaned toward the railroad and was burning for six hours before, of which defendant's servants had constructive notice, at least, was entirely competent on the issue which defendant had introduced. The judgment should be affirmed.    It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.