(102 App. Div. 36.)

KUHNEN v. WHITE et al.

(Supreme Court, Appellate Division, Second Department. February 15, 1905.)

1. NEGLIGENCE—TENEMENT HOUSE ACT—VIOLATION—PROXIMATE CAUSE—EVI-
DENCE.

Where, in an action for injuries by the alleged violation of the tenement
house act (Laws 1901, pp. 899, 900, c. 344, §§ 36, 41), requiring stairways
to be provided with banisters, etc., and prohibiting any opening between
a bakery in a tenement house and other parts of the building, there was
no evidence that plaintiff's injuries, which resulted from a fall down a
stairway from the first floor of a tenement house to the bakery under-
neath, were the result of such opening, or of a failure to furnish proper
banisters, plaintiff was not entitled to recover.

Appeal from Trial Term, Kings County.

Action by John Kuhnen against Alfred T. White, impleaded with
another. From a judgment in favor of defendants, plaintiff appeals.
Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, HOOKER, and MILLER, JJ.

Alfred E. Sander, for appellant.
John Notman, for respondents.

WILLARD BARTLETT, J. In this action the plaintiff sought to
charge the defendant Alfred T. White with liability for negligence or
for maintaining a nuisance in violation of the tenement house act
(Laws 1901, pp. 899, 900, c. 334, §§ 36, 41). The sections of the stat-
ute cited prescribe that in every tenement house all stairways shall be
provided with proper banisters and railings, and kept in good repair,
and that there shall be no openings, either by door or window or other-
wise, between a bakery in a tenement house and the other parts of the
building. The plaintiff was employed by a tenant as a baker in a
tenement house owned by Mr. White. The premises occupied by the
tenant included what is described in the testimony as a bake store on
the ground floor and a bake shop underneath, to which access was ob-
tained by going through a trap door and down a stairway. The latter
structure, as appears from the photograph introduced in evidence,
constituted rather a steep descent of five wooden steps down into a
cellar-like apartment. One side was close to the wall, upon which was
a rail apparently capable of being grasped by the hand of a person
going down the steps. The outer side was open, save that an upright
beam extended from the foot of the steps to the ceiling of the bake
shop. The plaintiff fell while attempting to go down this stairway,
and sustained the injuries for which he sought to recover compensation
in this action. The evidence introduced in his behalf, however, utterly
failed to establish any causal relation between the alleged unlawful
condition of the premises and the accident. I quote from the record
of his testimony those portions which refer to the manner and circum-
stances of his fall:

"When coming to work on November 17, 1902, at ten minutes to five o'clock
in the morning, he walked toward the stairway leading into the bake shop, put

his left hand on the wall near the stairway, then put his left foot on the first step; and as he was about to draw his right foot after, and make the step, he fell clear down." Cross-examination: "At the head of the stairway was an ice box. It was dark at the time of the accident, but there was a little gaslight burning in the store on the other side from the stairway. There was no light on the stairway. I put out my hand because I was afraid that I was going to fall, and to be careful. After my fall I went up the stairs, and I saw that it was wet, moisty. I did not see no water."

Although this series of steps is characterized throughout the testimony as a stairway, it may well be doubted whether it was a stairway within the contemplation of section 36 of the tenement house act, which seems rather to apply to staircases intended for the common use of the tenants generally  But assuming that it came within the purview of that provision, and that it was defective, as matter of law, because not furnished with proper banisters, I can find nothing in the plaintiff's proofs to show that the accident was due to the absence of banisters or any other safeguard prescribed by the statute. He merely tells us that he fell, without furnishing the slightest indication as to what caused his fall. In the complaint he alleged that the tenant, his employer, carelessly and negligently permitted some water to run upon the stairway, and that by reason of its dangerous and slippery condition the plaintiff slipped and fell, but in his testimony there is not a word about his having slipped. Nor is there anything in the record from which it can be inferred that the existence of an opening—i. e., the trap door—between the bakery and the bake shop (which is said to have been a violation of section 41 of the tenement house act) had anything to do with bringing about the plaintiff's misadventure. The complaint was therefore properly dismissed for failure of proof, and the judgment entered upon the dismissal should be affirmed.

Judgment affirmed, with costs. All concur.