# PREST-O-LITE COMPANY *v.* SKEEL.

[No. 22,427. Filed October 7, 1914. Rehearing denied December 31, 1914.]

1. NEGLIGENCE.—*Erection of Buildings.—Liability for Injuries.*— When an owner has exercised due care to employ an architect to prepare plans and specifications, and builds accordingly, he should not be held liable for any defects unless they were such that he should have known of them. p. 596.

2. MASTER AND SERVANT.—*Relation of Parties.—Liability for Negligence of Independent Contractor.*—Where an agreement provides for a result to be accomplished, but leaves to the person employed the choice of means and methods by which it is to be accomplished, the relation existing is that of employer and contractor, and not that of master and servant, and the employer is not liable for the contractor's negligence. p. 596.

3. MASTER AND SERVANT.—*Independent Contractor.*—An independent contractor is one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer except as to the product or result of the work, and his status as such is not affected by the mere fact that the work is to be done under the direction and to the satisfaction of some one representing the employer. p. 597.

4. MASTER AND SERVANT.—*Relation of Parties.—Liability for Negligence of Independent Contractor.*—The difference between an independent contractor and a mere servant is to be determined from the contract as a whole, and not by the phraseology of a single sentence or paragraph, hence under a building contract providing that the owner, through an inspector representing him, should have authority to examine the materials furnished, to condemn that not conforming to a prescribed standard, and to arrest the progress of work found not conforming to such standard, but giving him no control as to the means and methods of attaining those standards, the contractor was an independent contractor for whose negligence the owner was not liable. p. 597.

5. NEGLIGENCE.—*Action.—Burden of Proof.*—In an action for personal injuries sustained in the collapse of a building, based on alleged negligence, where the real cause of the collapse is not apparent, the plaintiff has the burden of proving enough to exclude the case from what are deemed purely "accidental occurrences", for which there is no liability. p. 599.

Vol. 182—38

6. NEGLIGENCE.—*Burden of Proof.—Res Ipsa Loquitur.*—While proof of negligence to make a *prima facie* case under the doctrine of *res ipsa loquitur* may be supplied by presumption arising from the occurrence of the injury, it must be made to appear that the instrumentality which inflicted the injury was in the control of the defendant, subject to his use and inspection, and that the accident was one which in the ordinary experience of mankind would not have happened except for the negligence of defendant or of some one for whose negligence he is legally liable.  p. 599.

7. MUNICIPAL CORPORATIONS.—*Ordinances.—Operation and Effect.*—A city ordinance authorized and duly enacted within the municipal power has the same local force and effect as a statute. p. 600.

8. NEGLIGENCE.—*Negligence Per Se.—Omission of Legal Duty.—Liability.*—Where a standard of duty is fixed, and its measure defined by law, the omission of that duty is negligence *per se*, which, if proximately causing an injury, renders the person upon whom the duty rested liable, irrespective of all questions of care and prudence; and it is no defense that the actual breach of law was committed by a person employed by and acting for the one charged with such duty, if the latter knew of or sanctioned the illegal act, even though he did not direct it.  p. 600.

9. NEGLIGENCE.—*Liability for Injuries.—Proximate Cause.*—Though the violation of penal statutes constitutes negligence *per se*, such negligence to be actionable must be the proximate cause of the injury for which the action is brought.  p. 601.

10. NEGLIGENCE. — *Liability for Injuries. — Proximate Cause.*— Where it appeared that at the time of obtaining a permit for the erection of a two-story building the plans and specifications submitted to the inspector provided that the building should be constructed so that a third story could be added at some future time, the failure of the owner thereafter to obtain a permit for the adding of a third story, as required by ordinance, can not be deemed the proximate cause of injury resulting from the collapse of the building.  p. 601.

11. MASTER AND SERVANT.—*Injuries to Employe of Independent Contractor.—Liability.*—An action for injuries to an employe of an independent contractor by the collapse of a building which he was engaged in constructing is not within the provisions of the Dangerous Employment Act of 1911 (Acts 1911 p. 597, §§3862a-3862e Burns 1914), so as to render the owner liable. p. 602.

From Superior Court of Marion County (85,795); *Joseph Collier*, Judge.

Action by Jonathan B. Skeel against the Prest-O-Lite Company. From a judgment for plaintiff, the defendant appeals. *Reversed.*

*Bernard Korbly, Willard New* and *John S. Berryhill,* for appellant.

*Joseph O. Carson* and *George W. Galvin,* for appellee.

SPENCER, J.—This is an action by appellee for damages for personal injuries caused by the falling or collapse of a building owned by appellant. At the time of its collapse the building was being constructed by a firm of contractors, appellee was in the employ of the contractors and was at work on the roof as a carpenter.

The cause was tried on an amended second paragraph of complaint. A demurrer thereto for insufficient facts was overruled, and appellant answered in two paragraphs, the first being a general denial, the second that the building was being constructed by independent contractors. Trial was by a jury and the verdict for appellee; appellant's motion for a new trial was overruled, judgment rendered, and therefrom this appeal is prosecuted. The errors assigned are (1) overruling the demurrer to the amended second paragraph of complaint, and (2) overruling the motion for a new trial. The causes for a new trial as alleged, present for review here (1) the sufficiency of the evidence to support the jury's verdict; (2) the giving by the court on its own motion certain instructions, and the court's refusal to give certain instructions tendered by the appellant; (3) the refusal of the court to give a peremptory instruction in favor of the appellant at the close of appellee's evidence; and, (4) the refusal of the court to give such instruction at the close of all the evidence.

The evident theory of the complaint, and the one adopted at trial of the cause, is, that at about the time of the completion of the building the defendant negligently and unlawfully directed the contractor, and pursuant to such direc-

tion, the contractors made changes in the plans and specifications of the building by adding an additional story, by which the building was greatly overloaded and the dangers incident to its construction greatly increased; that the third story was added without the consent or knowledge of the inspector of buildings and was therefore in violation of a city ordinance requiring a permit from the building inspector in such cases; that because of its negligent overweighting and unlawful construction the building collapsed and fell.

We have carefully examined the record and find, that considering the evidence most favorable to appellee, together with all reasonable inferences therefrom, there is absolutely no proof as to the proximate cause of the collapse of the building by which appellee received his injury. But appellee contends that this is a case for the application of the doctrine of *res ipsa loquitur* or that attendant circumstances are themselves of such a character as to justify the inference that negligence is the cause of the accident. 34 Cyc. 1665. In this connection it is important to determine whether the contractors employed by appellant to erect the building, were servants of appellant or independent contractors.

Comparatively few persons are skilled in the science of constructing buildings, and necessarily they must depend upon those who have made it a study. Therefore 1. when an owner has exercised due care to employ an architect to prepare plans and specifications, and builds accordingly, he should not be held liable for any defects unless they were such that he should have known of them. *White* v. *Green* (1904), 82 S. W. (Tex.) 329.

Where the agreement provides for a result to be accomplished by the employe and leaves to the employe 2. the means and methods by which the result is to be accomplished, then the relation is that of employer and contractor, and not that of master and servant. Where the arrangement is that some person, representing the owner or architect, is simply to give directions as to the work to be

done, and is not to give, or has no authority to give, directions as to the manner in which it should be performed, or as to the means to be used in performing it, then the owner would not be liable for injury resulting from the method of its performance, as there would be no relation of master and servant. *Sullivan* v. *Dunham* (1898), 35 App. Div. 342, 54 N. Y. Supp. 962. It is well settled that where one lets a contract to another to do a particular work, reserving to himself no control over such work except the right to require it to conform to a particular standard when completed, he is not liable for the negligence of the party to whom the contract is let. An independent contractor is one exercising an independent employment under a contract to do certain work by his own methods, without subjection to the control of his employer except as to the product or result of the work. When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant. *New Albany Forge, etc., Co.* v. *Cooper* (1891), 131 Ind. 363, and cases cited; *Indiana Iron Co.* v. *Cray* (1898), 19 Ind. App. 565; *Vincennes Water Supply Co.* v. *White* (1890), 124 Ind. 376.

The contract in this case provided that the owner, through a person called an inspector, should have the authority to examine the materials furnished and to condemn that which did not conform to the prescribed standard. This inspector could also arrest the progress of the work if he found that it was not conforming to the standard provided in the contract. But the authority of the inspector in these and all other matters connected with the construction of the building, only gave him the power to see that a certain standard was lived up to by the contractors as the

work progressed from time to time. The means and methods of attaining those standards he had no control over. The difference between an independent contractor and a mere servant is not to be determined solely by the pretention of a certain kind or degree of supervision by the employer. It is to be determined by the contract as a whole,—by its spirit and essence,—and not by the phraseology of a single sentence or paragraph. Taking the contract as a whole it clearly shows that the parties employed by the defendant to erect his building were independent contractors. *Foster* v. *City of Chicago* (1902), 197 Ill. 264, 64 N. E. 322; *Staldter* v. *City of Huntington* (1899), 153 Ind. 354; *Wabash, etc., R. Co.* v. *Farver* (1887), 111 Ind. 195, 60 Am. Rep. 696. The following case seems so clearly in point that we quote from it as follows: "Obviously, the defendants were independent contractors. The plans and specifications were prepared and settled by the railroad companies; the size, form and place of the piers were determined by them, and the defendants contracted to build piers of the prescribed form and size and at the places fixed. They selected their own servants and employes. Their contract was to produce a specified result. They were to furnish all the material and do all the work, and by the use of that material and the means of that work were to produce the completed structures. The will of the companies was represented only in the result of the work, and not in the means by which it was accomplished. This gave to the defendants the status of independent contractors, and that status was not affected by the fact that, instead of waiting until the close of the work for acceptance by the engineers of the companies, the contract provided for their daily supervision and approval of both material and work. The contract was not to do such work as the engineers should direct, but to furnish suitable material and construct certain specified and described piers, subject to the daily approval of the companies' engineers. This constant right

of supervision, and this continuing duty of satisfying the judgment of the engineers, do not alter the fact that it was a contract to do a particular work, and in accordance with plans and specifications already prepared. * * * The functions of the engineers were to see that they complied with, this contract * * *. They were to see that the thing produced and the result obtained were such as the contract provided for.'' *Casement* v. *Brown* (1893), 148 U. S. 615, 13 Sup. Ct. 672, 37 L. Ed. 582.

The appellant was not an insurer of the safety of appellee's working place, and is not liable for the happening of an accident arising from no known cause. Where an event takes place, the real cause of which can not be traced, or is at least not apparent, it ordinarily belongs to that class of occurrences which are designated purely accidental; and in a case like this, where the plaintiff asserts negligence, he must show enough to exclude the case from the class of accidental occurrences. *Wabash, etc., R. Co.* v. *Locke* (1887), 112 Ind. 404, 2 Am. St. 193; *Lehigh, etc., Cement Co.* v. *Bass* (1913), 180 Ind. 538.

Undoubtedly there are instances where the proof of negligence sufficient to make out a *prima facie* case may be supplied by a presumption that arises from the occurrence of the injury. But in such cases it must appear that the instrumentality which inflicted the injury was in the control of the defendant, subject to his use and and inspection, and also that the accident was one which in the ordinary experience of mankind would not have happened unless from the negligence of the defendant, or that of others for whose negligence he is legally responsible. Where the injury might well have resulted from any one of many causes, the plaintiff, by a fair preponderance of the evidence, must exclude the operation of those causes for which the defendant is under no legal obligation. The thing which causes the injury must be shown to have been under,

the management of the defendant before the doctrine of *res ipsa loquitur* applies. Indeed, the theory of the law in respect of this doctrine proceeds from the fact that the management or control of that which occasioned the injury is exclusively within the power of the defendant as between him and the plaintiff, and that it works no injustice by requiring him to explain. *Trim* v. *Fore River Ship Bldg. Co.* (1912), 211 Mass. 593, 98 N. E. 591; *Fitzgerald* v. *Southern R. Co.* (1906), 141 N. C. 530, 54 S. E. 391; *Breen* v. *New York Cent., etc., R. Co.* (1888), 109 N. Y. 297, 16 N. E. 60, 4 Am. St. 450; *Loudoun* v. *Eighth Ave. R. Co.* (1900), 162 N. Y. 380, 56 N. E. 988; *Rice* v. *Chicago, etc., R. Co.* (1910), 153 Mo. App. 35, 131 S. W. 374.

The appellee earnestly insists that because appellant failed to obtain a permit for the additional third story it is placed in the attitude of a law breaker, engaged in the commission of an unlawful act, and if the collapse of the building occurred in the course of the doing of this illegal act, no matter from whose negligence it arose, whether that of owner, architect or contractor, the owner must respond in damages.

7. City ordinances authorized and duly enacted within the municipal power have the same local force and effect as a statute. *New York, etc., R. Co.* v. *Lind* (1913), 180 Ind. 38. Where a standard of duty is fixed, and its measure defined by law, the omission of that duty is negligence *per se.* 8. *Tucker* v. *Illinois Cent. R. Co.* (1890), 42 La. Ann. 114, 7 South. 124.

The courts have invariably held that every person violating a statute is a wrongdoer, negligent in the eyes of the law, and that any innocent person injured by such violation, *if it be the proximate cause of the injury,* may, in a proper case, recover damages from the employer and contractor, jointly or severally, it not being in the power of an owner to escape liability by making a contract with another to commit the wrong for him. It must be regarded as well

settled doctrine, (1) that if one upon whom the statute imposes a duty, violates that duty, *and the violation results in an injury,* he is liable, irrespective of all questions of care and prudence; and, (2) that it is no defense to prove that the actual breach of law was committed by a person employed by and acting for him, upon whom the duty rests, if the latter knew of and sanctioned, even if he did not direct, the illegal act.  *Pitcher* v. *Lennon* (1896), 12 App. Div. 356, 42 N. Y. Supp. 156.

But that a causal connection must be shown between the negligence charged and the injury complained of, is undeniably true.   A violation of penal statutes constitutes negligence *per se,* but to make such negligence actionable it must be a proximate cause of the injury for which the action is brought.  *Inland Steel Co.* v. *Yedinak* (1909), 172 Ind. 423, 139 Am. St. 389; *Waverly Co.* v. *Beck* (1913), 180 Ind. 523.   The violation of a statute or ordinance raises no liability for an injury which another may have suffered, unless the injury was in some material degree the result of such violation.   The distinction between criminality which is a cause, and criminality which is a mere condition of an injury for which recovery is sought, is thoroughly established in our law.   The violation of a criminal statute should not affect one's civil rights, except when the violation, viewed in reference to the element of criminality to be punished, has had a direct effect upon his cause of action.   The question is, What is the legal element which is the essence of the command or prohibition?   If the violation of the statute has no causal connection with the injury, then it is not a direct or proximate cause.  *Bourne* v. *Whitman* (1911), 209 Mass. 155, 95 N. E. 404, 35 L. R. A. (N. S.) 701.

When appellant applied for a permit to erect a two-story building, the plans and specifications submitted to the inspector provided that the building should be so constructed that a third story might be added at some future time, and if any inference is to be drawn at all

it would be that, had application been made for a permit to erect the additional third story, it would have been granted by the inspector. The evidence, directly or by inference, utterly fails to establish any causal relation between appellant's unlawful failure to obtain the permit for the erection of the additional third story and appellee's injury. *Kuhnen* v. *White* (1905), 102 App. Div. 36, 92 N. Y. Supp. 104; *Seibert* v. *McManus* (1900), 104 La. 404, 29 South. 108; *Zimmerman* v. *Bauer* (1895), 11 Ind. App. 607; *New York, etc., R. Co.* v. *Lind, supra.*

It can not be seriously contended that appellee's action is founded on the theory of the violation of the Dangerous Employment Act of 1911. Act 1911 p. 597, §§3862a-11. 3862e Burns 1914. This legislative enactment has no application to the facts disclosed by this complaint.

As the evidence wholly fails to show that any negligent or unlawful act of appellant was the proximate cause of appellee's injury, and appellant having moved at the proper time and in the proper manner for a peremptory instruction for a verdict in its favor, it follows that the lower court committed error in overruling the motion.

Judgment reversed with instructions to sustain appellant's motion for a new trial.

Cox., C. J., and Myers, J., not participating.

NOTE.—Reported in 106 N. E. 365. Liability of person employing contractor to servant of contractor for injuries caused by collapse of building, see '18 Ann. Cas. 9. As to who is an independent contractor, see Ann. Cas. 1913 B 573. On the general question who are independent contractors, see 65 L. R. A. 445; 17 L. R. A. (N. S.) 371. For the general rule as to absence of liability for acts of independent contractors, see 65 L. R. A. 622. As to the master's liability for fall of wall or building while in possession of independent contractor, see 34 L. R. A. 558. As to burden of proof and on whom it rests, see 28 Am. Rep. 308; 33 Am. Rep. 736; 37 Am. Rep. 148. See, also, under (1) 29 Cyc. 465; (2) 26 Cyc. 1549; (3) 26 Cyc. 970; (4) 26 Cyc. 1553; (5) 29 Cyc. 593; (6) 29 Cyc. 590; (7) 28 Cyc. 391; (8) 29 Cyc. 436; (9, 10) 29 Cyc. 488; (11) 26 Cyc. 1567.