REHM *v.* CUTSHALL ET AL.

[No. 15,228. Filed December 6, 1934. Rehearing denied February 15, 1935.]

*Eggeman, Reed & Cleland,* and *James P. Murphy,* for appellant.

*Arthur W. Parry,* for appellees.

CURTIS, J.—This was an application before the Industrial Board for an award of compensation by Orpha Rehm, appellant herein, for the death of her husband, Daniel Rehm, who she alleged was killed by reason of an accident growing out of and in the course of his employment by the appellees.

The original board member made a finding and award against the appellees and thereafter an application for review was filed before the full Industrial Board. The full Industrial Board, after reviewing the evidence, entered an order denying compensation. It is from this award denying compensation that this appeal was prayed and perfected.

The error assigned and relied upon for reversal is that the award of the full board is contrary to law.

That part of the finding of the full board that is material, aside from the formal parts, upon which to base its order is as follows: "And the full Industrial Board having heard the argument of counsel, having read the evidence and being duly advised therein finds that one Daniel Rehm sustained an injury on April 21, 1933, that resulted in his death on May 6, 1933. And the full Industrial Board, by a majority of its members, now finds that the said Daniel Rehm was not in the employ of the defendants at the time of the accidental injury sustained on April 21, 1933." The order followed the finding above set out. The controlling question presented for decision before the full board was whether or not the deceased was an employee of the appellants at the time of the injury, within the meaning

of the compensation law of this state. The question before us in this appeal is a much narrower one being the question as to whether or not there is competent evidence or legitimate inference that may be drawn from such evidence to sustain the finding of the board. The board was called upon to weigh the evidence; we are not. The rule is that where the board has examined the evidence and made its finding of facts and made an order based thereon, that this court will not weigh the evidence and substitute its judgment for the judgment of the board unless the evidence is of such a conclusive character as to force a conclusion contrary to that of the board, and that in order to reach a conclusion contrary to that of the board this court will not weight conflicting evidence.

The general rules governing the determination of the questions as to who is an employee and who is an independent contractor have been so recently announced by this court that we do not deem it necessary to restate them. See *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *McKeever* v. *Marlin* (1931), 92 Ind. App. 158, 174 N. E. 517; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *Carr* v. *Krekeler, Gdn.* (1932), 94 Ind. App. 508, 181 N. E. 526.

We have read the evidence carefully and while it is such that reasonable men can draw different conclusions from it, as is evidenced by the fact that the board itself was divided in its opinion, yet this court would not be justified in substituting its judgment for that of the board even though it might have reached a different conclusion had it been trying the case.

No question of law is presented in this appeal and we do not think it necessary to extend this opinion by a detailed statement of the evidence. The relationship between the parties arose out of the appraisal, sale,

and rental of certain real estate by the decedent belonging to the appellees, the contention on the one hand being that the decedent was an employee, and on the other hand that he was working for a third person and was at least conducting an independent business in so far as the appellees were concerned.

In our opinion there was, to say the least, some competent evidence to sustain the finding of the board.

The award is affirmed.