GIBBONS *v.* HENKE ET AL.

[No. 16,684.   Filed December 2, 1940.]

*Charles A. Lowe* and *Robert A. Ritzmann,* both of Lawrenceburg, for appellant.

*White, Wright & Boleman* and *William E. Hart,* all of Indianapolis, for appellees.

BRIDWELL, J.—Appellant appeals from an award of the Full Industrial Board denying him compensation, assigning as error that the award is contrary to law.

The board's finding was "that plaintiff (appellant) was not an employee of the defendant (appellees) within the meaning of the Indiana Workmen's Compensation Act," and in the award appealed from it was ordered that he "take nothing by his complaint herein and that he pay the cost of this proceeding."

The evidence establishes that appellant was a carpenter, and maintained a shop wherein he kept his tools and did some work; that appellees were operating a hotel, and on different occasions prior to the date of his injury appellant had done work for them. There is, however, nothing in the evidence to indicate that at or prior to the date of the accident resulting in appellant's injury he had ever been regularly employed by appellees to perform services of any character over any definite period of time. On Saturday, June 3, 1939, he was at the hotel, did some work, the nature of which he did not remember, and appellee Harriet Henke informed him they desired to install an exhaust fan in one of the windows of the hotel, and wanted to know when he could do it. She was told "most any time," except that he was busy that day and had most of the day "taken up." Appellant suggested that he could do the work desired the next day, Sunday, but was told by Mrs. Henke that she did not like Sunday work. Appellant then told her he could come on Monday following, which he did, arriving at the hotel about

8 o'clock a. m. to start the work, when a lady from Indianapolis inquired of him if he was going to work upstairs, and upon learning that such was his intention told him that there were some people asleep and asked if he could wait until a later hour, which he did. This lady, so far as the record discloses, and so far as appellant knew, was not "connected with the hotel in any way." Appellant went home, did "some short odd jobs and went back at noon." The work was not completed until the following day, and after the fan was installed appellant was "trying the switch out to see how it would work, to see if it was wired correctly." He tried it on high and low speed, and had just turned the switch off when he observed that a tag was left attached to the fan, and in attempting to remove same while the fan was "coasting" he was injured, and as a result has suffered a complete loss of use of the middle finger of his left hand.

When the arrangements were made for appellant to install the fan, nothing was said about what pay he should receive for doing so. The fan was furnished by appellees; the material necessary to be used in its installation was purchased by appellant, and, at his direction, charged to appellees. It was appellant's custom, when on previous occasions he had worked for appellees, or for others, to keep account of the number of hours spent on the particular job, and thereafter to submit his bill, calculated at so much per hour, the amount per hour depending on the class of labor performed.

It does not appear from any evidence that the appellees, or either of them, at any time ever attempted to give any directions concerning the installation of the fan, other than to designate the place where it was to

be installed, nor that either of them was present when the work was being done, nor in any way tried to control the manner of doing the work. It clearly appears that appellees desired a certain result accomplished (the installation of the fan), and that appellant undertook to do this, and did so, using his own knowledge, methods and tools in accomplishing the work.

Our Supreme Court, in *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 596, 106 N. E. 365, says:

"Where the agreement provides for a result to be accomplished by the employe and leaves to the employe the means and methods by which the result is to be accomplished, then the relation is that of employer and contractor, and not that of master and servant."

Whether one who undertakes to accomplish a specified result for another is an employee or an independent contractor is a question of fact for the Industrial Board to determine upon the evidence submitted to it. Many elements, if shown to exist, may be properly considered by the board in reaching its conclusion, as is evidenced by many prior decisions of this court discussing the subject-matter here involved. See *Marion Malleable Iron Works* v. *Baldwin* (1924), 82 Ind. App. 206, 145 N. E. 559; *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *J. P. O. Sandwich Shop, Inc.* v. *Papadopoulos* (1938), 105 Ind. App. 165, 13 N. E. (2d) 869.

The decision of the board on any question of fact is binding on this court if it be sustained by competent evidence.

After reading the evidence, we conclude that it is

sufficient to sustain the action of the Industrial Board in finding as it did that appellant was not an employee within the meaning of that term as used in our compensation act.

The award is affirmed.

NOTE.—Reported in 29 N. E. (2d) 995.