WILSON v. PORTER HANDLE & COOPERAGE COMPANY ET AL.

[No. 17,006.   Filed November 10, 1942.]

*Mart J. O'Malley* and *Lawrence E. Carlson,* both of Huntington, for appellant.

*James P. Murphy, Snouffer & Snouffer, James M. Barrett, Jr., Phil M. McNagny, Leigh L. Hunt, Mentor Kraus,* and *J. A. Bruggeman,* all of Fort Wayne, for appellees.

CURTIS, J.—This was an action by the appellant against the appellees for workmen's compensation based upon his claim that he was injured while in the employ of the said appellees.

An examination of the evidence most favorable to the appellees discloses, among other things, that the appellant was by occupation a trucker devoting his main activities to the hauling of logs from woods to lumber mills; that the appellee James Wilson is a timber buyer and appellee Porter Handle and Cooperage Company is engaged in a manufacturing business in which it uses logs; that the appellant had been engaged in hauling logs for a number of years delivering the same to whatever mill purchased the same; that appellee James Wilson had purchased some standing timber from what is known as the Cramer farm, which timber consisted of elm and ash trees, and had arranged for the sale of a part of the elm logs to the appellee Porter Handle and Cooperage Company after said logs had been cut, and that the appellee Wilson engaged the service and equipment of the appellant to haul and deliver all of said elm logs to the said Porter Handle and Cooperage Company at its mills at Huntington, Indiana, and the ash logs to another independent concern; that the agreed price to be paid the appellant was

$6.00 per thousand; that the appellant furnished his own trucks, cranes, log hooks, cant hooks, skidding tongs, chains, swamp hooks, tractors, gasoline, oil, repairs, and all necessary help and equipment, and that nothing was supplied to him either in equipment or service by either of the appellees, and that the appellant's only duty under his contract was to haul and deliver the said logs as aforesaid, and that the manner and method of doing this rested exclusively with him, and that no time was set for the hauling and no directions given by either of the appellees as to how the logs should be loaded, stacked, or hauled, and that no specific directions were given him by the appellees in the doing of said work, and that neither of said appellees exercised any control over the manner and method by which the appellant was to perform said work, nor retained any right in said contract for any such control, and that the only requirement on the part of the appellees was that when the logs were delivered that the appellee James Wilson would see that the appellant was paid. That when the said appellee Wilson purchased said timber, money was advanced to him by the other appellee in this case, and that said other appellee paid for said hauling after said logs were scaled, and that advancements of this kind are customarily made in this character of business; that the Porter Handle and Cooperage Company and the other appellee Wilson had an agreement between themselves whereby after the timber and hauling and cutting expenses were paid for, that whatever remained of the purchase price between them would be paid over to the said appellee James Wilson; that while neither of the appellees were present, and while the appellant was in the act of loading the logs for the purpose of hauling the same to the appellee

Porter Handle and Cooperage Company, a chain around said logs backlashed, striking appellant's right arm near the wrist and breaking both bones therein, causing a permanent partial impairment of said arm; that after the accident the appellant's son with possibly some other help completed his contract to haul the logs.

The full Industrial Board upon review, after hearing all of the evidence, found for the appellees. We now quote from said finding, as follows:

"The said Full Industrial Board of Indiana having heard the arguments of counsel, and having reviewed all the evidence in said cause, and being duly advised in the premises therein, now finds that on the 29th day of August, 1939, the plaintiff entered into an oral agreement with the defendant James Wilson to haul logs to the defendant Porter Handle and Cooperage Company. That said plaintiff was an independent contractor. That on the 29th day of August, 1939, the plaintiff sustained personal injuries. That the plaintiff at no time was in the employ of the defendants, James Wilson and the Porter Handle and Cooperage Company. That prior to the filing of plaintiff's application a good faith effort had been made to adjust said claim, the said effort resulting in a disagreement between the parties.

"The Full Industrial Board of Indiana now finds for the defendants, James Wilson and the Porter Handle and Cooperage Company, and against the plaintiff on plaintiff's application Form 9 for the adjustment of a claim for compensation filed on the 12th day of February, 1941."

The award was in accordance with the finding. In due time, the appellant appealed to this court from said award assigning as error that the award of the full Industrial Board is contrary to law. This assignment is sufficient to present all questions sought to have reviewed.

It was the appellant's contention before the Indus-

trial Board, and is his contention here, that he was an employee of the appellees and not an independent ■ contractor. On the other hand, the appellees contended before the board, and also are contending here, that the evidence showed that he was an independent contractor and not an employee. The sole question before the Industrial Board was whether or not the appellant was an employee of the appellees or was an independent contractor. In the case of *Rehm* v. *Cutshall* (1935), 99 Ind. App. 664, 666, 192 N. E. 848, the question there involved before the Industrial Board was whether or not the appellant was an employee or an independent contractor. The court in that case said:

> "The question before us in this appeal is a much narrower one being the question as to whether or not there is competent evidence or legitimate inferences that may be drawn from such evidence to sustain the finding of the board. The board was called upon to weigh the evidence; we are not. The rule is that where the board has examined the evidence and made its finding of facts and made an order based thereon, this court will not weigh the evidence and substitute its judgment for the judgment of the board, unless the evidence is of such a conclusive character as to force a conclusion contrary to that of the board, and that, in order to reach a conclusion contrary to that of the board, this court will not weigh conflicting evidence."

The question before this court in the instant case is similar to the one in the above mentioned case. While it should be said that no one of these items of ■ evidence standing alone would be sufficient to establish the relationship between the parties yet they were all proper to be considered by the board along with the other evidence in the case, and when so considered we think there was an ample basis in the evidence to sustain the finding of the full Industrial Board

in the instant case that the appellant was an independent contractor and not an employee of the appellees. The general rules governing the determination of the question as to whether a workman is an independent contractor or an employee have been so recently and fully set forth by the opinions of this court that we deem it unnecessary herein to restate them. We cite with approval the following cases: *Lazarus* v. *Scherer* (1931), 92 Ind. App. 90, 174 N. E. 293; *McKeever* v. *Marlin* (1931), 92 Ind. App. 158, 174 N. E. 517; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 176 N. E. 640; *Carr* v. *Krekeler, Gdn.* (1932), 94 Ind. App. 508, 181 N. E. 526.

No reversible error having been shown, the award of the full Industrial Board is hereby affirmed.

NOTE.—Reported in 44 N. E. (2d) 518.