NASH ET AL. *v.* MEGUSCHAR ET AL.

[No. 28,653. Filed April 10, 1950.]

*William E. Hart,* of Indianapolis, and *William T. O'Neal,* of Spencer, for appellants.

*George W. Henley* and *Len E. Bunger, Jr.,* both of Bloomington, for appellees.

GILKISON, J.—This cause was transferred from a decision of the Appellate Court reversing a negative award by the Industrial Board.

The record indicates that appellants' decedent, William C. Nash, was accidentally killed while hauling logs for appellees on October 6, 1947, leaving appellants, his widow and four children, as his dependents. The children ranged in age from eight months to eleven years.

Decedent's employment by appellees was in the following manner: On September 16, 1947 decedent wrote appellees an offer as follows:

"Spencer Wood Products Company
Spencer, Indiana

Gentlemen:
As you probably know, I am in the business of yarding and hauling timber for various sawmills. I have my own tools and equipment and employ whatever assistants that may be required and pay them myself out of my own funds.

I hereby propose to yard and haul all of the timber purchased by you that you designate to yard and haul on the land owned by Dewey Davis in Bean

· Blossom Township, Monroe County, Indiana and will complete the said job in a good and workmanlike manner within 180 days, from the date hereof. I am to furnish and pay for whatever labor I think may be required and will furnish my own tools and equipment, and I am to do said work in my own manner and at ever time I choose within the time as above stated.

In consideration of which you are to pay me upon completion of this contract and amount equal to $13.50 per thousand feet to all of said timber that shall have been yarded and hauled in pursuance thereof.

Respectfully submitted<br>Wm. C. Nash (Signed)

Accepted this 16 day of Sept.

Spencer Wood Products Company
By Ben Schopmeyer (signed)"

As indicated appellees accepted this offer.

Decedent worked under this arrangement for about one week, when he asked for more money and the price was orally raised to $14.50 per thousand feet, one Howard Weeks was joined with Mr. Nash in the oral contract, and the work continued as before but at the new price. After the death of Mr. Nash, Mr. Weeks completed the contract.

An application for compensation under the Workmen's Compensation Law was regularly filed with the Industrial Board by the dependents and after a hearing thereon, the hearing member of the Industrial Board, on May 18, 1948, among other things, found: "That plaintiffs' decedent, William C. Nash, was not an employee of the defendants herein but was an independent contractor, and plaintiffs are not entitled to compensation payments under the provisions of the compensation law of the state of Indiana."

The award was that plaintiffs take nothing etc. A similar finding and award was made by the full board on April 1, 1949. From this award an appeal was taken to the Appellate Court, where the award was reversed. Thereafter the appeal was transferred to this court.

A single question is presented by this record, thus: Was the decedent at the time of his accidental death an employee of the appellees, within the definition contained in the Indiana Workmen's Compensation Act? Section 40-1701, Burns' 1940 Replacement; Acts 1933, ch. 243, § 1, Cl. (b), p. 1103. That definition is as follows:

> "(b) The term 'employee', as used in this act, shall be construed to include every person, including a minor, in the service of another, under any contract of hire or apprenticeship, written or implied, except one whose employment is both casual and not in the usual course of the trade, business, occupation or profession of the employer. . . ."

Is the contract above noted a contract of "hire" so as to make decedent an employee of the appellees, or is it a contract for the completion of a work project so as to make him an independent contractor?

Our courts have been unable accurately to define the term "independent contractor" to govern in all cases. As a result there are many definitions and frequently a new set of facts brings forth a variation from all existing definitions. A fairly accurate definition of the term as applied to the facts in the instant case is contained in 27 Am. Jur., Independent Contractors, § 2, p. 481, thus:

> "Perhaps one of the most frequently quoted is to the effect that an independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own

methods, and without being subject to the control of his employer, except as to the product or result of his work."

See also *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 596, 106 N. E. 365. In that case at page 597 this court said:

"When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant." (authorities)

As supporting these propositions see: *Standard Oil Co.* v. *Allen, Admr.* (1920), 189 Ind. 398, 404, 405, 126 N. E. 674; *Julius Keller Constr. Co.* v. *Herkless* (1915), 59 Ind. App. 472, 483, 109 N. E. 797; *McGee* v. *Stockton* (1916), 62 Ind. App. 555, 561, 113 N. E. 388; *Washburn-Crosby Co.* v. *Cook* (1918), 70 Ind. App. 463, 468, 120 N. E. 434; *Petzold* v. *McGregor* (1931), 92 Ind. App. 528, 531, 176 N. E. 640; *Gibbons* v. *Henke et al.* (1940), 108 Ind. App. 481, 483, 29 N. E. 2d 995.

For interesting definitions, discussion and criticism see annotations, 19 A. L. R. 227, 75 A. L. R. 725, 129 A. L. R. 1006, anno. III.

It is a well-established general rule that persons occupying the status of independent contractors are not included within the meaning of the terms "employee," "workmen" or others of similar import, as used in compensation acts, in the absence of any provision requiring such inclusion. 58 Am. Jur., Workmen's Compensation, § 137, p. 669; Annotation 129 A. L. R. 991; *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 596, 106 N. E. 365, *supra.*

The Industrial Board is the trier of the facts in this case, and its decision on any question of fact is binding upon the Appellate Court on appeal, and upon this court on transfer, if it is sustained by competent evidence. *Gibbons* v. *Henke et al.* (1940), 108 Ind. App. 481, 484, 29 N. E. 2d 995, *supra; Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 687, 77 N. E. 2d 116; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 118, 26 N. E. 2d 399; *Wilson* v. *Porter Handle & Cooperage Co.* (1942), 112 Ind. App. 287, 290, 44 N. E. 2d 518.

In *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 26 N. E. 2d 399, *supra,* at page 118, this court said:

"... In the final analysis the finding of an administrative agency will not be disturbed when it is subjected to the scrutiny of a judicial review, upon the claim that it is not supported by the evidence, unless it is made to appear that the finding does not rest upon a substantial factual foundation. . . .

"... If, however, it should be made to appear that the evidence upon which the agency acted was devoid of probative value; that the quantum of legitimate evidence was so proportionately meagre as to lead to the conviction that the finding does not rest upon a rational basis; or that the result of the hearing must have been substantially influenced by improper considerations, the order will be set aside, not because incompetent evidence was admitted, but rather because the proof, taken as a whole, does not support the conclusion reached."

In *Rehm* v. *Cutshall et al.* (1934), 99 Ind. App. 664, 192 N. E. 848, a question was presented to the Industrial Board whether at the time of his accidental death appellant's decedent was working as an employee or an independent contractor. The board found against the claimant, and the matter was

appealed. The Appellate Court, on page 666, in deciding the appeal, among other things, said:

"The rule is that where the board has examined the evidence and made its finding of facts and made an order based thereon, that this court will not weigh the evidence and substitute its judgment for the judgment of the board unless the evidence is of such a conclusive character as to force a conclusion contrary to that of the board, and that in order to reach a conclusion contrary to that of the board this court will not weigh conflicting evidence."

The evidence before the Industrial Board, as heretofore set forth in this opinion and as fully shown in the record was sufficient in every particular to authorize the award as made, agreeable with the many holdings of this and the appellate courts.

Appellants contend that the contract in question was entered into for the purpose of avoiding the Workmen's Compensation Law, an "unemployment thing," social security, or some other form of tax, in violation of Section 40-1215, Burns' 1940 Replacement (1949 Supp.), providing as follows:

"No contract or agreement, written or implied, no rule, regulation or other device shall, in any manner, operate to relieve any employer in whole or in part of an obligation created by this act."

We do not understand that by this section it was the intention of the legislature to prevent an employer from getting his work done economically even though it might have the effect of reducing his own taxes, or make it unnecessary for him to collect taxes from others. The section quoted is specific in providing that no contract etc. shall relieve an

employer of any obligation created by the act. The employer has no obligations to an independent contractor created by this act, *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 472, 76 N. E. 2d 845, and the contract in question does not violate it.

Finding no error in the record, the award of the Industrial Board is affirmed.

Young, J., absent.

NOTE.—Reported in 91 N. E. 2d 361.