## CLARK *v.* HUGHEY.

[No. 29,151. Filed February 16, 1954.]

*McNutt, Hurt & Blue,* of Martinsville, for appellant.

*Murray, Mannon, Fairchild & Stewart* and *James L. Murray,* of Indianapolis, and *Richard L. La Grange,* of Franklin, for appellee.

EMMERT, J.—The only question for determination in this appeal is whether the appellant was an independent contractor so that he cannot claim the benefits of the Workmen's Compensation Act. The award of the Industrial Board denied recovery on the ground that at the time of the accident appellant was not an employee of the appellee within the meaning of the Act.

Appellee owned a garage which he proposed to have remodeled into living quarters. Appellant was a carpenter, and when he was in appellee's general store at Trafalgar, the parties had a conversation about remodeling the garage, and appellant went down to inspect it. When he came back to the store appellee

testified, "I asked what it would cost and he said, 'I charge . . . a dollar and a quarter per hour, and we will have to go there and see what is to be done, but I can't tell you how much.'" They went to the garage, and appellant estimated it would take about a week there. Appellee was to buy the material and appellant was to order what was needed. Appellee agreed to pay the hourly wage, and appellant kept the time in his time book, and furnished all of his own tools. Appellee was not a carpenter, and gave no directions or orders to appellant as to the manner or methods used to accomplish the result. On the morning that appellant fell and fractured his femur, appellee had held up three Celotex ceiling boards, which were 4 by 8 feet in dimension, and weighed about 25 pounds each, so that appellant could nail them to the ceiling. Appellee went to his house to warm his hands, and in about ten minutes appellant fell from the ceiling which caused his injury. Appellee paid appellant $37.50 for the work that was done up to the time of the accident.

An independent contractor is not an employee within the meaning of the Indiana Workmen's Compensation Act. *Nash* v. *Meguschar* (1950), 228 Ind. 216, 220, 91 N. E. 2d 361. In this case we approved the definition of an independent contractor given in American Jurisprudence and in *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365, which are as follows:

> "Perhaps one of the most frequently quoted is to the effect that an independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer, except as to the product or result of his work." 27 Am. Jur., Independent Contractors, §2, p. 481.

"When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer, does not render the person contracted with to do the work a servant." *Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 597, 106 N. E. 365.

"The question of whether a particular workman is an employee or an independent contractor is ordinarily one of mixed law and fact." Small, Workmen's Compensation Law of Indiana, §4.2, p. 65. We feel that the facts as found by the Industrial Board closely parallel the facts in *Gibbons* v. *Henke* (1940), 108 Ind. App. 481, 29 N. E. 2d 995, where the carpenter was hired to install a fan in a hotel. The fan and material were purchased by the hotel, and according to the custom the carpenter charged so much per hour for installation. The hotel owners never gave any directions concerning the installation and neither were present when the work was done nor tried to control the manner of doing the work. The court, in holding the carpenter an independent contractor, said, "It clearly appears that appellees desired a certain result accomplished (the installation of the fan), and that appellant undertook to do this, and did so, using his own knowledge, methods and tools in accomplishing the work." (Page 484.)

It is true that the burden was on appellee to prove the existence of the independent contractor relationship. Small, Workmen's Compensation Law of Indiana, §4.2, p. 66. However, the Industrial Board could consider all the evidence in the cause on that issue, whether it was introduced by appellant or appellee, and on the evidence did find appellant was an independent contractor.

"The Industrial Board is the trier of the facts in this case, and its decision on any question of fact is binding upon the Appellate Court on appeal, and upon this court on transfer, if it is sustained by competent evidence. *Gibbons* v. *Henke et al.* (1940), 108 Ind. App. 481, 484, 29 N. E. 2d 995, *supra; Wright* v. *Peabody Coal Co.* (1948), 225 Ind. 679, 687, 77 N. E. 2d 116; *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 118, 26 N. E. 2d 399; *Wilson* v. *Porter Handle & Cooperage Co.* (1942), 112 Ind. App. 287, 290, 44 N. E. 2d 518." *Nash* v. *Meguschar* (1950), 228 Ind. 216, 222, 91 N. E. 2d 361, *supra.*

The award of the Industrial Board is affirmed.

NOTE.—Reported in 117 N. E. 2d 360.