TROMLEY v. PADGETT & BLUE, INC.

[No. 18,618.   Filed April 15, 1955.   Rehearing denied May 27, 1955.   Transfer denied November 15, 1955.]

*Lyle E. Miller* and *William P. Dennigan,* of Vincennes, for appellant.

*Curtis V. Kimmell,* of Vincennes, *James V. Donadio* and *Geoffrey Segar,* of Indianapolis, *Kimmell & Kimmell,* of Vincennes, and *Ross, McCord, Ice & Miller* (of counsel), for appellees.

CRUMPACKER, J.—The appellant sought adjusted compensation before the Industrial Board of Indiana for personal injuries resulting from an accident which occurred while he was engaged in washing the windows of the Grand Hotel in Vincennes, Indiana. Said hotel is owned and operated by the appellee, and the appellant contends that he was an employee of the appellee when said accident occurred and that the same arose out of and in the course of such employment. The appellee defended on the theory that when the appellant was hurt he was engaged in washing the windows of its hotel as an independent contractor and therefore not within the provisions of the Workmen's Compensation Act of Indiana. Sec. 40-1201, et seq., Burns' 1952 Replacement. The Industrial Board so found and entered an award denying compensation solely on that ground and the appellant now challenges the same as being contrary to law.

It is settled beyond debate that an independent con-

tractor is not an employee within the meaning of the Indiana Workmen's Compensation Act and is not entitled to any of its benefits. *Clark* v. *Hughey* (1954), 233 Ind. 134, 117 N. E. 2d 360; *Nash* v. *Meguschar* (1950), 228 Ind. 216, 91 N. E. 2d 361.

The Supreme Court has also prescribed the following yardstick for determining the nature of a contract for services: ". . . an independent contractor is one who, in exercising an independent employment, contracts to do certain work according to his own methods, and without being subject to the control of his employer except as to the product or result of his work."

"When the person employing may prescribe what shall be done, but not how it is to be done, or who is to do it, the person so employed is a contractor, and not a servant. The fact that the work is to be done under the direction and to the satisfaction of certain persons representing the employer does not render the person contracted with to do the work a servant." *Clark* v. *Hughey, supra; Prest-O-Lite Co.* v. *Skeel* (1914), 182 Ind. 593, 106 N. E. 365.

It is settled law in this state that the finding of an administrative agency, such as the Indiana Industrial Board, is beyond our reach on review unless it appears that the evidence upon which the board acted "was devoid of probative value; that the quantum of legitimate evidence was so proportionately meager as to lead to the conviction that the finding does not rest upon a rational basis." *Warren* v. *Indiana Telephone Co.* (1940), 217 Ind. 93, 118, 26 N. E. 2d 399. This leads us to a resumé of the evidence upon which the board acted and which is most favorable to its award.

The appellee is now and has been for some time the

owner and operator of the Grand Hotel, a three story structure, in Vincennes, Indiana. Early in December, 1952, the manager in charge of operations, one Don Roseman, concluded that the hotel windows needed washing and advertised in a Vincennes newspaper for someone to do the job. The appellant was then engaged in the business of washing windows for anyone who sought his services and with whom he could agree on a price. Prompted by the appellee's advertisement he called on its manager, said Roseman, at the hotel on December 10, 1952, and was given the job at an agreed price of 55 cents per window. He was told that he could work anytime the housekeeper and maids were on duty to indicate the unoccupied rooms and unlock the doors to give him access to the windows. He was to furnish all necessary materials and equipment except water and do the job by methods of his own choosing. He was free to employ helpers at his own expense if he chose and the finished work was subject to the approval of the housekeeper. He reported for work the following day and was taken to the third floor of the hotel by the housekeeper, shown where to begin and told, in effect, that the floormaid would unlock other rooms for him as his work progressed. On the following day, while engaged in washing the outside of a third story window, he fell to the ground and was severely injured. He had not been placed on the appellee's payroll nor had the appellee requested his social security number or information concerning his dependency status for tax withholding purposes.

While it is true that the courts have not formulated a hard and fast rule by which the legal relationship of parties to labor contracts can, in every instance, be determined unfailingly, *Allen* v. *Kraft Food Co.* (1948), 118 Ind. App. 467, 76 N. E. 2d 845, nevertheless we

think the foregoing facts are sufficient to warrant the Industrial Board in concluding that the appellee desired a certain result accomplished (the windows washed) and that the appellant undertook to do this and did so, using his own knowledge, experience, methods and tools in accomplishing the work with responsibility to the appellee for final results only. This, as was held in *Gibbons* v. *Henke* (1940), 108 Ind. App. 481, 29 N. E. 2d 995, made him an independent contractor.

Award affirmed.·

NOTE.—Reported in 125 N. E. 2d 808.