134 Ind. App. 452 (1962)
184 N.E.2d 824
TETER
v.
MID-STATE POULTRY AND EGG COMPANY.
No. 19,561.
Court of Appeals of Indiana.
Filed September 11, 1962.
Rehearing denied October 17, 1962.
Transfer denied April 10, 1963.
Jeremiah L. Cadick, Richard P. Tinkham, Jr., and Cadick, Burns, Duck & Neighbours, all of Indianapolis, for appellant.
*453 Mark W. Gray, Howard J. Detrude, Jr., and Armstrong, Gause, Hudson & Kightlinger, of counsel, all of Indianapolis, for appellee.
PFAFF, J.
Appellant filed his application for compensation due to injuries allegedly sustained in an accident arising out of and in the course of his employment by appellee whose principal place of business is 326 West 17th Street, Indianapolis, Indiana.
The hearing member of the Board found as follows:
"On the 24th day of July, 1958, plaintiff was in the employ of the defendant as an independent contractor. On said date he sustained accidental injuries when he slipped on a greasy floor and fell upon his back on the concrete floor sustaining a whiplash injury to the tendons and muscles of his cervical back. The defendant had notice of such injury but did not furnish medical or surgical aid and supplies and paid no compensation for temporary or total disability.
"At the time of said injury plaintiff was under oral contract with defendant to supervise or perform certain repairs in the remodeling of its plant; that such services were of a varied character ranging from the wrecking of a wooden building, repairing a roof, hauling material and supplies, repair of motors and general work about defendant's plant and these things were done by plaintiff with his own tools and equipment, upon his own time, and by his own methods. Part of such work involved the employment of helpers supplied and paid for by the plaintiff. The plaintiff kept his own time and was paid on a basis of $1.50 per hour upon the completion of each of the several jobs. The plaintiff worked no regular hours, was not subject to withholding tax or social security and was not carried on defendant's payroll.
"Further and pursuant to disagreement between the plaintiff and defendant, plaintiff filed with the Industrial Board his form 9 application for the adjustment of claim for compensation.

*454 "Finally, the hearing officer recommended that the plaintiff take nothing from the defendant by reason of the fact that as an independent contractor his claim is not within the purview of the Workmens Compensation Act of Indiana and the Board has no jurisdiction thereof."
Appellant petitioned the Full Board for a review of the findings of the hearing member. The Full Board affirmed the findings and award of its hearing member because of his independent contractor status.
The sole question here presented is whether there is evidence to sustain the finding of the Board. This question requires a consideration of the evidence and the reasonable inferences which may be drawn therefrom most favorable to the award.
If the evidence is conflicting or is susceptible to different conclusions the award of the Board must be affirmed. In Nash v. Meguschar (1950), 228 Ind. 216, 222, 91 N.E.2d 361, our Supreme Court said:
"The Industrial Board is the trier of the facts in this case, and its decision on any question of fact is binding upon the Appellate Court on appeal, and upon this court on transfer, if it is sustained by competent evidence. Gibbons v. Henke et al. (1940), 108 Ind. App. 481, 484, 29 N.E.2d 995, supra; Wright v. Peabody Coal Co. (1948), 225 Ind. 679, 687, 77 N.E.2d 116; Warren v. Indiana Telephone Co. (1940), 217 Ind. 93, 118, 26 N.E.2d 399; Wilson v. Porter Handle & Cooperage Co. (1942), 112 Ind. App. 287, 290, 44 N.E.2d 518." See also Clark v. Hughey (1954), 233 Ind. 134, 138, 117 N.E.2d 360.
Small's Workmen's Compensation Law of Indiana, § 4.2, p. 65, reads in part as follows:
"However, if the evidence is conflicting, or lends itself to different deductions, then it is a question of fact.... Mobley v. J.S. Rogers Co., *455 68 Ind. App. 308, 119 N.E. 477 (1918); Coppes Bros. & Zook v. Pontius, 76 Ind. App. 298, 131 N.E. 845 (1917); Zeitlow v. Smock, 65 Ind. App. 643, 117 N.E. 665 (1917); Dodge Mfg. Co. v. Kronewitter, 57 Ind. App. 190, 104 N.E. 99 (1914); Lagler v. Roch, 57 Ind. App. 79, 104 N.E. 111 (1914)."
In the record herein it is undisputed that appellant had a contract with appellee for the purchase of offal, and a contract for taking out a loft in the rear of appellee's building.
The evidence discloses that appellant also did work as a handyman around the plant when he wasn't busy with his offal business. This included maintenance and repair work, work on the line, driving appellee's truck, etc. It was agreed that appellant was to be paid $1.50 per hour for such work. He hired extra help who were paid by appellant and when necessary for his work purchased materials which were charged to appellee or what is termed "time and material basis." He was free to come and go on the job as he saw fit, was not paid by payroll check, no deductions were made for social security from the amounts he was paid. Regular employees were paid by payroll vouchers with deductions for taxes and social security. The record further discloses that appellant told appellee that he carried his own insurance. It is undisputed that after appellant stopped doing work for appellee he went to Sheet's Poultry on the same arrangement as he had with appellee, that is, working when he wanted at a rate of $1.50 per hour with no taxes or social security withheld from his pay.
In Uland v. Little (1949), 119 Ind. App. 315, 319, 82 N.E.2d 536, Judge Bowen, speaking for this court, said:

*456 "It is well settled that this court will not weigh the evidence nor set aside an award of the Industrial Board where there is some evidence of probative value before the Board which supports the finding and award. E.I. Dupont de Nemours Co. v. Lilly (1948), 226 Ind. 267, 79 N.E.2d 387; Pearson Company, Inc. v. McDermid, supra; Stinson v. Anderson Knife and Bar Company (1932), 94 Ind. App. 79, 179 N.E. 570; Lazarus v. Scherer (1931), 92 Ind. App. 90, 174 N.E. 293; Standard Cabinet Co. v. Landgrave (1920), 76 Ind. App. 593, 132 N.E. 661."
On the record herein we are of the opinion that appellant has failed to sustain the burden which was upon him to establish by the record that the award of the Board was contrary to law.
Award affirmed.
Kelley, C.J., Bierly and Gonas, JJ., concur.
NOTE.  Reported in 184 N.E.2d 824.