**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jul 09 2014, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**TIMOTHY F. DEVEREUX**
**MARK C. LADENDORF**
**LANCE R. LADENDORF**
Ladendorf Law
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**TIMOTHY W. DEGROOTE**
**ANDREW S. WILLIAMS**
**ERIC M. WILKINS**
Hunt Suedhoff Kalamaros, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

LOUIS TIMOTHY WHYDE, )
)
    Appellant-Plaintiff, )
)
        vs. ) No. 02A04-1402-CT-64
)
BLACK DIAMOND CONSTRUCTION, LLC, )
)
    Appellee-Defendant. )

### APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable David J. Avery, Judge
Cause No. 02D01-1111-CT-559

**July 9, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Louis Timothy Whyde was seriously injured while working for a subcontractor on a roofing project. He appeals the trial court's grant of summary judgment in favor of the project's general contractor, Black Diamond Construction, LLC. We affirm.

In 2011, an apartment company hired Black Diamond to perform roof replacement work at an apartment complex in Fort Wayne. Black Diamond's owner and sole employee at that time, Charlie Duffin, selected Michael Green as the subcontractor for the project. Black Diamond and Green did not have a written contract. Instead, they agreed that Green would locate workers. Further, Black Diamond would pay Green when the project was over, and Green would in turn pay his workers.

Green contacted several workers, including Whyde. Black Diamond ordered construction materials and a dumpster and arranged for them to be delivered to the site, but Green and the workers brought their own ladders and tools.

Duffin did not discuss worksite safety with Green or provide safety equipment. Duffin visited the site during construction, but he did not hold any meetings or instruct Green or anyone else on how to perform the work.

Whyde worked on the roof of a three-story building at the complex, and on June 8, 2011, he fell to the ground and was paralyzed from the chest down. Whyde sued Black Diamond, alleging that it negligently failed to ensure a safe work site. Black Diamond filed a motion for summary judgment. The trial court granted the motion after oral argument, and this appeal followed.

## ISSUE

The sole issue on appeal is whether the trial court erred in granting Black Diamond's motion for summary judgment.

## DISCUSSION AND DECISION

We review a summary judgment order de novo. *Bules v. Marshall Cnty.*, 920 N.E.2d 247, 250 (Ind. 2010). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56. We construe all facts and reasonable inferences drawn therefrom in a light most favorable to the non-moving party. *McSwane v. Bloomington Hosp. & Healthcare Sys.*, 916 N.E.2d 906, 909 (Ind. 2009).

A plaintiff seeking damages for negligence must establish (1) a duty owed to the plaintiff by the defendant, (2) a breach of the duty, and (3) an injury proximately caused by the breach of the duty. *Pfenning v. Lineman*, 947 N.E.2d 392, 398 (Ind. 2011).

The key question in this case is whether Black Diamond owed a duty to Whyde to ensure his safety on the worksite. The determination of whether a duty exists is generally an issue of law to be decided by the court. *Id.*

For over one hundred years, Indiana has followed the general rule that a principal is not liable for the negligence of an independent contractor. *Bagley v. Insight Commc'ns Co., L.P.*, 658 N.E.2d 584, 586 (Ind. 1995) (citing *Prest-O-Lite Co. v. Skeel*, 182 Ind. 593, 597, 106 N.E. 365, 367 (1914)). The rationale behind this rule is that a principal typically exercises little, if any, control over the means or manner of the work of its contractors and requires only that the completed work meet the specifications of the

owner in its agreement with the principal. *Shawnee Constr. & Eng'g, Inc. v. Stanley*, 962 N.E.2d 76, 81 (Ind. Ct. App. 2011), *trans. denied*. Thus, despite Whyde's argument to the contrary, this has been the public policy of Indiana for many years.

The Indiana Supreme Court has recognized five exceptions to the general rule: (1) where the contract requires the performance of intrinsically dangerous work, (2) where the principal is by law or contract charged with performing the specific duty, (3) where the act will create a nuisance, (4) where the act to be performed will probably cause injury to others unless due precaution is taken, and (5) where the act to be performed is illegal. *Bagley*, 658 N.E.2d at 586. A principal who employs an independent contractor may be subject to liability for personal injuries caused by the principal's failure to exercise reasonable care to employ a competent and careful contractor only if one of these five exceptions is applicable. *Id.* at 587.

In this case, the parties' arguments focus on the second exception—whether the principal was by law or contract charged with the duty of maintaining a safe worksite. This exception to the general rule of non-liability is not triggered merely because a general contractor may have a right to inspect the work, approve the work, or require a subcontractor to follow safety rules. *Shawnee Constr.*, 962 N.E.2d at 82. Rather, for this exception to apply, either law or a contract must provide for a specific duty of care. *Id.*

Black Diamond's agreement with the apartment complex owner did not contain any provisions assigning responsibility for workplace safety. Furthermore, Black Diamond and Green did not have a written contract. Instead, Duffin and Green orally agreed that Green would hire workers and Duffin would pay him "per square," or per unit

4

of shingles installed. Appellant's App. p. 133. Black Diamond ordered construction materials and a dumpster and arranged for them to be delivered to the site, but Green and the workers brought their own ladders and tools.

Duffin did not discuss worksite safety with Green or provide safety equipment. Duffin visited the site during the roofing project, but he did not hold any meetings or instruct Green or anyone else on the work. After the project was finished, Black Diamond issued a check to Green, and Green paid the workers out of his check.

Whyde argues that Black Diamond had overall control over the project and managed communications with the apartment complex's owner, but those are typical tasks for a general contractor. Such activities do not give rise to a duty to a subcontractor's employee. *Shawnee Constr.*, 962 N.E.2d at 82. Viewing the facts in the light most favorable to Whyde, we cannot conclude as a matter of law that Black Diamond owed Whyde a duty to ensure a safe worksite. The trial court did not err in granting Black Diamond's motion for summary judgment. *See id.* at 86 (a general contractor was entitled to summary judgment because the contractor did not agree to be responsible for the safety of a subcontractor's employees).

## CONCLUSION

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

BRADFORD, J., and BROWN, J., concur.